ABCO MOVING & STORAGE CORP., Plaintiff, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

Supreme Court, Special Term, New York County, February 20, 1951.

*H. Burstein* for plaintiff.

*R. W. Brown* and *J. R. Bassett* for defendant.

BREITEL, J. Plaintiff seeks a mandatory injunction requiring the defendant to publish advertisements of plaintiff's business in its classified directory. Plaintiff operates in the business of motor transportation of household goods of the general public in intrastate and interstate transportation. Defendant has rejected such advertising on the ground that plaintiff is in fact operated and controlled by the principal of another company, which company and such principal were convicted in the United States District Court for the State of New Jersey of several violations of part II of the Interstate Commerce Act (U. S. Code, tit. 49, § 301 *et seq.*).

The court finds that the plaintiff is operated and controlled by the principal involved in the operation and control of the company previously convicted, together with such principal, in the Federal Court.

It has never been held in this State that the publishing of a classified telephone directory by an operating telephone company is so affected with the public interest as to subject the publisher to regulation as to rates or nondiscriminatory service by the courts or by the Public Service Commission. The Public Service Commission, although it has power under the Public Service Law to regulate " any service rendered or to be rendered with respect to communication by telegraph or telephone or in connection therewith " (Public Service Law, § 91, subd. 2) has declined jurisdiction (*Mintz* v. *New York Tel. Co.*, Case No. 9118, decided June 2, 1937). This court is a court of first instance and should not under the circumstances of this case proclaim the extension of such regulation in this area. Certainly it should not do so where, as here, the Public Service Commission has rejected jurisdiction. Moreover, there is a real question as to whether any such extension of regulation, if it is desirable or necessary, should not be accomplished by

legislative act. In this case on a motion for a temporary injunction this court, in refusing plaintiff's application, by Mr. Justice PECORA, held that the publication of a classified directory does not involve an essential public. service, except with respect to ordinary listings therein (193 Misc. 96, affd. 274 App Div. 779, motion for leave to appeal dismissed 298 N. Y. 637).

Assuming that defendant is subject to injunction in the publication of classified directories with respect to advertising, this court does not find that its refusal to accept the advertisements of plaintiff is arbitrary and unreasonable. This is particularly so where the acceptance or rejection of advertisements has not been subjected to regulation by the Public Service Commission, under which circumstances presumably the commission could impose standards and safeguards to control such acceptance and rejection. Defendant has an ethical obligation to protect the advertising pages of its classified directory from being the instruments of unethical practices upon the public. In the absence of machinery for testing grounds for approval and rejection of advertisements outside the defendant company, its action in rejecting advertisements should be liberally construed. The facts in the instant case support the defendant's action.

Plaintiff's motion is denied.

Defendant's motions are granted.

Settle order.