In the Matter of HYMAN SOLOMON et al., Doing Business as Beverly Hand Laundry and Cleaners, Appellants, against PUBLIC SERVICE COMMISSION, Respondent.

Third Department, November 16, 1955.

*Benjamin Podgor* and *Osmond K. Fraenkel* for appellants.

*Kent H. Brown* and *George H. Kenny* for respondent.

*Ralph W. Brown, Edward F. Snydstrup* and *Edward G. Watson* for New York Telephone Company, *amicus curiæ*.

HALPERN, J. This is an appeal from an order dismissing a proceeding under article 78 of the Civil Practice Act, in the nature of mandamus, directed against the Public Service Commission.

The petitioners had filed a complaint against the New York Telephone Company with the Public Service Commission, charging that through gross negligence the telephone company had failed to include in its classified telephone directory for the Borough of Manhattan an advertisement of the petitioners' business. The petitioners asked the Public Service Commission to investigate the matter and to determine that the telephone company had committed violations of law in failing to file a schedule of the rates and charges for listings and advertisements in its classified directory and in including in its form of contract for publication of advertisements a provision purporting to relieve the telephone company of liability for damages caused by its negligence. The petitioners also asked the Public Service Commission to direct the telephone company to make reparation to the petitioners for damages suffered by them. The Public Service Commission declined to take action upon the complaint.

It appears that there is an action pending in the Supreme Court, New York County, by the petitioners against the telephone company for the recovery of damages. In the petition in the article 78 proceeding, the petitioners abandonded any effort to compel the commission to pass upon the propriety of the past conduct of the telephone company or to compel the commission to take any action with respect to the petitioners' claim for damages. In the petition, the principal relief sought is an order directing the Public Service Commission to require the telephone company to file schedules, setting forth the rates to be charged in the future, for listings and advertisements in the classified telephone directory, and setting forth the form of contract or agreement to be used in connection with such listings and advertisements.

This proceeding is one in the nature of mandamus. It is elementary that a mandamus order will not issue against a public officer or administrative agency unless a clear legal right to the relief sought is established (10 Carmody on New York Practice, § 524, and the cases there cited).

We find no statutory requirement for the filing of a schedule of rates or charges for listings or advertisements in the classified directory. Subdivision 1 of section 92 of the Public Service Law requires every telephone corporation to " print and file with the commission schedules showing all rates, rentals and charges for service of each and every kind by or over its line ".

The listings and advertisements in the classified directory do not constitute service *over the line* of the telephone company. There is therefore no statutory duty on the part of the telephone company to file a schedule or tariff covering such listings and advertisements and there is no statutory obligation on the part of the Public Service Commission to compel the telephone company to file such a schedule or tariff.

It appears that, in the exercise of its general regulatory powers (Public Service Law, §§ 91, 92, 97), the commission has heretofore taken jurisdiction over charges for lightface listings in the classified directory and that, pursuant to its direction, the telephone company has filed a tariff with respect to such listings (*Matter of Certain Subscribers* v. *New York Tel. Co.* [1937] 1 P. S. C. 676, 20 P. U. R. [N. S.] 223). The availability of such listings to all customers on equal terms and at reasonable rates obviously relates to the adequacy and reasonableness of the telephone service. If a telephone company publishes a classified directory for use by the public, the listing therein of a particular customer or associates of a customer becomes an important part of the telephone service (*Abco Moving & Stor. Corp.* v. *New York Tel. Co.*, 193 Misc. 96, affd. 274 App. Div. 779, motion for leave to appeal dismissed 298 N. Y. 637). However, once a lightface listing has been provided, the substitution of boldface type in the listing or the insertion of a display advertisement in the directory, is simply a matter of advertising, similar in some respects to advertising in other media. But the fact that the advertisement appears in a classified telephone directory makes it subject, at least to a limited extent, to the jurisdiction of the Public Service Commission. The display advertising may overshadow the ordinary listings and, if the directory is badly arranged, the finding of the name and telephone number of a subscriber in the ordinary listings may be very difficult (cf. Re *New York Tel. Co.*, P. U. R. 1923B, 545, 623–624). Furthermore, if advertising space is not offered to all subscribers on equal terms, serious competitive disadvantage may result. The Public Service Commission therefore has the responsibility of seeing to it that advertising in the classified directory is set up in a manner which does not unduly interfere with the use of the ordinary listings and that the privilege of inserting advertisements is available to all subscribers upon the same terms and conditions, without discrimination.

However, it does not follow that all aspects of classified directory advertising, including rates and contract forms, are matters of concern to the commission. The commission's

interest in the charges for directory advertising is of a very different nature from its interest in the rates charged for telephone service. While the advertising revenues are properly treated as a part of the telephone company's utility revenues (*District of Columbia* v. *Chesapeake & Potomac Tel. Co.,* 179 F. 2d 814), the commission's primary concern in this connection is to see to it that the telephone company obtains the maximum revenue which it can reasonably obtain from its advertising operations so that the amount of revenue to be obtained from subscribers for telephone service may be reduced as much as possible.

As the Public Service Commission said in an opinion handed down February 6, 1946: '' When it becomes necessary to consider the rates of the New York Telephone Company to its subscribers for phone service (and the reduction of those rates is a matter of present consideration), the income from the classified directory will have to be considered in fixing what are the proper earnings of the company for rate purposes so that, if the present charges for advertising are too high and yield too big a profit, that amount will redound to the benefit of the subscribers.'' (*Matter of Certain Subscribers* v. *New York Tel. Co.,* Case No. 12190.)

The Public Service Commission's interest in advertising revenues is thus seen to be a limited one, directed principally to the effect which such revenues may have upon the remaining revenue needs of the company and, correspondingly, upon the rates to be fixed for telephone service.

Looked at in this light, it is apparent that the question sought to be raised by the petitioners as to the propriety of the form of the advertising contract which the telephone company uses is of no concern to the commission, so long as the form is one which is used for all advertisers without discrimination and so long as its use does not unduly hamper the obtaining of advertising revenue from the classified directory. The general question of whether the clause in the contract, undertaking to relieve the company from liability for negligence, is a valid and legal one, is a matter for the courts rather than the commission (cf. *Hamilton Employment Service* v. *New York Tel. Co.,* 253 N. Y. 468).

It should be emphasized that there is no complaint in this case that the telephone company has engaged in any discriminatory practice in connection with advertising by subscribers in the classified directory.

This proceeding was properly dismissed. The order of dismissal should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and ZELLER, JJ., concur.

Order affirmed, without costs.
[See 1 A D 2d 793.]