Kenneth S. MacAffer, J.
This is an application under article 78 of the Civil Practice Act for an order annulling two certain orders of the Public Service Commission made May 12, 1959 and June 9, 1959 in Public Service Commission Case No. 19616, which first order dismissed petitioner’s complaint and which second order affirmed said order of May 12, 1959, and denied petitioner’s petition for reopening and for a further order directing the Public Service Commission to grant petitioner’s request for a hearing.
The respondent Public Service Commission is hereinafter referred to as the “ Commission ” and the respondent, New York Telephone Company, as the “ Company.”
The petitioner is engaged in the business of “ piping ” television signals from a hilltop antenna by wires to individual householders in and about the City of Ithaca, New York. Under date of February 8, 1954 petitioner entered into a written contract with the Company for leasing space on poles owned or leased by the Company for the attachment of petitioner’s transmission wires thereon. The contract provided that the petitioner would pay as rental therefor the sum of $1,50 per pole semiannually or 25 cents per pole per month where less than 6 months were involved. The contract also limited the petitioner to the transmission of regular standard “ off-the-air ’’broadcasts over petitioner’s transmission wires.
On January 9,1958, after some negotiations, the Company by letter to the petitioner extended permission to the petitioner to carry television programs originating in the studios of Ithaca College at Ithaca, New York, over the facilities of the petitioner covered by the aforesaid contract between the parties. Such programs were not within the use of Company’s poles as defined in the contract. Such permission of the Company was extended on a temporary and terminable basis by the Company.
The aforesaid contract between petitioner and the Company was to continue in effect until February 8> 1960 and thereafter until terminated by either party on six months’ written notice. On December 22, 1958 the contract was amended by the parties to increase the pole rental to $2.50 semiannually and to 42 cents per month, The amendment was consented to by the petitioner through its president, with the reservation that it was ‘ ‘ without prejudice to my rights under such orders as may be issued by the Public Service Commission of the State of New York with respect to the rates and provisions therein.”
In the meantime the Company reconsidered the ramifications of the permission for the Ithaca College broadcasts over petitioner’s facilities on the Company’s poles and determined to *556 withdraw such permission effective subsequent to the end of the college year of June, 1960. Such decision of the Company was communicated to the petitioner and the college early in 1959.
Thereafter, the petitioner filed with the Commission a complaint dated February 6, 1959 against the Company, primarily on the basis of the increase of rentals and the withdrawal of the permission for the Ithaca College broadcasts. The complaint sought to have the Commission assume jurisdiction to adopt tariffs and otherwise regulate the relationship between the petitioner and the Company. The complaint was referred by the Commission to the Company, which filed an answer. No hearing was held by the Commission. Under date of May 12, 1959 the complaint was dismissed. The dismissal was on the ground that the Commission was without jurisdiction in the matter.
The petitioner filed a petition for a reopening of the case in which it requested a hearing on the issue of the Commission’s jurisdiction and the consideration of a reply by the petitioner to the Company’s answer. After consideration of this application, the Commission, by order dated June 9,1959 reaffirmed its May 12,1959 decision and denied the application of a rehearing. This proceeding followed.
The petitioner contends that its contract and the relationship between the petitioner and the Company arising therefrom are subject to regulation by the Commission under the Public Service Law. The gist of the contention is that since the Company is subject to the jurisdiction of the Commission as a telephone company, the attachment of petitioner’s facilities to the poles of the Company brings the petitioner’s relationship with the Company within the jurisdiction of the Commission. The petitioner seeks a direction by this court that the Commission assume jurisdiction of the matter and regulate the same. The respondents both contend that the Commission is without the power to do so.
The jurisdiction of the Commission is strictly limited by statute. Unless the power of regulation is granted by the Public 'Service Law the Commission is without jurisdiction. (Matter of National Merchandising Corp. v. Public Serv. Comm., 5 N Y 2d 485; Matter of Solomon v. Public Serv. Comm., 286 App. Div. 636.) The provisions of the statutes authorizing the extent of the jurisdiction of the Commission over the Company are found in subdivisions 17 and 18 of section 2, section 90, subdivisions 1 and 2 of section 91, and subdivision 1 of section 92 of the Public Service Law. The scope of such jurisdiction in such provisions is the regulation by the Commission of the business of affording telephonic communication for hire.
*557 The business of the petitioner is of recent origin arising from the rapid expansion of the television industry. Patently, the picking off-the-air standard broadcasts of commercial television stations and by amplification transmitting the same over wires directly to the household patron is not in any sense telephonic communication. Basically, then, the petitioner’s business is not subject to the jurisdiction of the Commission as the statutes are now written. Whether such an industry should be regulated is for the Legislature and not for the courts.
The petitioner argues that since the Company’s poles are, by statutory definition (Public Service Law, § 2, subd. 18), a part of the Company’s “ telephone line ” and since the Commission has regulatory jurisdiction over all telephone corporations and their equipment, the poles and the use of the poles by the attachment of the petitioner’s facilities are subject to the Commission’s regulation. The petitioner argues that, since the poles and the attachments fall within the regulatory sphere of the Commission, the Commission should assume to regulate the charges for the attachment of petitioner’s wires thereto.
The petitioner relies strongly on the Commission’s decision in the case of Complaint of Antenna System Corp. v. New York Tel. Co. (P. S. C. No. 19001). That case involved the adoption by the Commission of the so-called “ limited ” jurisdiction theory as evolved by the decision of Matter of Solomon v. Public Serv. Comm, (supra). It also antedated the later decision of the courts clarifying the extent of the 1 ‘ limited ’ ’ jurisdiction theory. (Matter of National Merchandising Corp., supra.) This court does not therefore consider the Antenna System case as determinative of the legal issues with which the court is concerned on this application.
The rental of the pole space by the Company to the petitioner is not part of the public service performed by the Company in the business of telephonic communication. (Matter of Gamewell Co. v. Public Serv. Comm., 8 A D 2d 232, mot. for lv. to app. den. 7 N Y 2d 706.) Such a nonutility activity of a telephone company is not subject to regulation by the Commission. (Matter of Solomon v. Public Serv. Comm., supra; Matter of National Merchandising Corp., supra.)
The granting or withholding of permission by the Company for the Ithaca College broadcasts does not involve any question of discrimination or any question of revenue to the Company. The contract between the petitioner and the Company does not encompass such use of the petitioner’s facilities. The Company was free to retract its consent in this regard in accordance with the reservation the Company made when granting its consent *558 in the first instance. The granting or withholding of such permission cannot be directed by the Commission or by this court. Neither may the reasons for the Company’s conclusion to do so be appraised by this court.
This court reaches the conclusion that the activities of the Company in its relationship to the petitioner are not subject to regulation by the Commission. The application of the petitioner is denied and the petition is dismissed, without costs. A final order may be entered to this effect.
Respondent Commission to submit order.