Regis O’Brien, J.
During the trial the name of 11 Walter Frank, doing business as Dollar Fifty Trailer Service ” was eliminated from the title and his alleged cause of action dismissed on the merits, without costs, pursuant to a stipulation in open court of the attorneys for the parties.
It appears from the evidence, and I find, that Monroe Frank, doing business under the assumed name of “ Dollar Fifty Trailer Rental ” had advertisements published in the Yellow Pages section of the New York Telephone Company’s directory for Buffalo, Williamsville, Tonawanda and Hamburg, over the years, since the filing of his certificate in the Brie County Clerk’s office, on March 8,1956, to do business under that assumed name.
On November 23, 1951, Monroe Frank had filed a certificate that he was doing business under the assumed name “ Ashland Drive-In”. The plaintiff alleges in his complaint that the defendant is engaged in a public utility service, in respect to that portion of the telephone business covered by the publication *396 of advertising matter in the Yellow Pages of its directory. Such contention, however, is contrary to the decisions of the courts of this State.
The publication of advertisements in the Yellow Pages section of the phone directory is not an essential public service. Bather, it is “ am activity analogous to that of publisher of a newspaper or magazine ”. (Abco Moving & Stor. Corp. v. New York Tel. Co., 193 Misc. 96, affd. 274 App. Div. 779, motion for leave to appeal denied 274 App. Div. 823, affd. 298 N. Y. 637.)
It has been held that while “ ordinary alphabetical listings in both the general and classified directory are subject to the jurisdiction of the commission ” (citing Matter of Certain Subscribers v. New York Tel. Co. [1937] 1 P. S. C. 676, 20 P. U. R. [N. S.] 223 and Matter of Nat. Mdse. Corp. v. Public Serv. Comm., 5 N Y 2d 485, 490), “ the sale of advertisements for publication in the directories is not considered an essential public service.” (Matter of Solomon v. Public Serv. Comm., 286 App. Div. 636; Matter of City Ice & Fuel Co. v. Public Serv. Comm., 260 App. Div. 537.)
The decision in the Solomon case (supra, p. 639) points out that the Public Service Commission’s jurisdiction was limited to 1 ‘ seeing to it * * * that the privilege of inserting advertisements is available to all subscribers upon the same terms and conditions without discrimination.”
In the present case, I find that the publication of all the other advertisements in the Yellow Pages of the directories involved is in harmony and compliance with the last above-quoted statement.
The plaintiffs ’ advertisement, however, violates the terms and conditions which are prescribed for such publications by the company. The advertisement contains a reference to price. None of the others contains such reference. This type of advertisement is considered as ‘ ‘ bait ” or “ misleading ’ ’ advertising. The plaintiffs ’ advertisements were published in the years mentioned, pursuant to the terms of applications submitted by the plaintiffs and when accepted by the defendant constituted a contract.
The one pertaining to the City of Buffalo directory, dated January 1,1959 was marked defendant’s Exhibit “ J ”; that for the Tonawanda directory, dated July 30, 1959, was marked defendant’s Exhibit “ K ”; that for the Williamsville directory, dated June 29, 1960, was marked defendant’s Exhibit “ L ” and that for the Hamburg directory, dated June 29, 1960, was marked defendant’s Exhibit “ M ”.
*397 All applications were signed and contain the following provisions relative to the rights of the parties to terminate the contract:
“ The applicant may terminate this application * * * by giving the Company written notice not later than one month prior to the closing date of the subsequent issue from which the representation is to be omitted ” and
“ There is no obligation on the part of the Company to comply with this application or, if a unit of representation is inserted in one or more issues, to continue it as to any subsequent issue.”
The publications in the current issues of the directories for Buffalo, Tonawanda, Williamsville and Hamburg respectively, appear therein as the result of an order of this court, issued June 6, 1961, enjoining the defendant from refusing to accept the advertisement, as modified by the court, until the determination of this action seeking a permanent injunction. The defendant had previously notified the plaintiffs that publication would not be made. Verbal notice was given to plaintiffs that the advertisement appearing in the Yellow Pages in the 1960-61 issue of the directories would be cancelled, effective with the ■expiration of the current issue.
Supplementing the verbal notice, I find that written notice to the same effect was given to the plaintiff under date of April 13, 1961 (defendant’s Exhibit “ Q- ”). The letter, in full, is as follows:
‘ ‘ Confirming my conversation with you on April 12, this is to advise you that we are cancelling your representation appearing on Page 509 of the 1960-61 Buffalo Telephone Directory Yellow Pages, effective with the expiration of the current issue. We are sorry to have to take this action but as I explained to you, the use of the term, Dollar Fifty Trailer Rental, either in written or numerical form, is in violation of our regulations which prohibit the use of competitive prices in the Telephone Directory on a paid advertising basis.”
“ Since your present advertisement includes the above term, we are forced to take this action.
“ We realize this term is actually the name under which you are doing business but any listing as copy would be contrary to advertising copy regulations on prices and may appear on the classified only as a light face listing.
“ The free listing to which you are entitled is presently under the classification of Gasoline Filling Stations.
“We will transfer this listing to the classification of Trailer-Rental for the forthcoming issue, unless you advise us differently.”
*398 The actions of the defendant, I find from all the evidence, were neither arbitrary nor capricious. The ‘ ‘ Dollar Fifty Trailer Rental”, as a matter of fact, the court finds .from the evidence, was neither a subscriber to the telephone service furnished by the defendant nor the registered owner of any trailers which were rented to customers.
The subscription was for semipublic phone service,' i.e., a pay station over which incoming calls were received and outgoing messages were made upon paying the required fee.
Based upon the findings as hereinbefore set forth, and after considering all of the evidence produced on the trial and the briefs submitted, I find and decide that the plaintiffs have failed to prove any cause of action against the defendant and that the motion of the defendant to dismiss the complaint upon the merits must be granted.
The plaintiffs’ complaint is accordingly hereby dismissed upon the merits.
This is my decision pursuant to the provisions of section 440 of the Civil Practice Act,