**AAAAAAAAAAAAAAAAAAAAAAA, INC.,**
an Oklahoma Corporation, Plaintiff
in Error,

v.

**SOUTHWESTERN BELL TELEPHONE
COMPANY, Defendant in Error.**

No. 39720.

Supreme Court of Oklahoma.

July 3, 1962.

Lloyd G. Larkin, Tulsa, for plaintiff in error.

Donald H. Sharp, James A. DeBois, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal from Order No. 45484 entered by this State's Corporation Commission on May 16, 1961, denying the application of plaintiff in error, as petitioner, to direct the defendant in error, as respondent, to include in both the alphabetical list (white pages) and classified list (yellow pages) of the general telephone directory of the City of Tulsa, Oklahoma, the name of AAAAAAAAAAAAAAAAAAAA AAAA, Inc. Plaintiff in error will hereinafter be referred to as plaintiff and defendant in error as defendant.

█ Plaintiff's cause is based on the theory that by refusing to place the name of AAAAAAAAAAAAAAAAAAAA AAAA, Inc. in the alphabetical pages and also the classified yellow pages it was being unlawfully discriminated against.

The defendant defends on the theory that corporation was acting within its managerial discretion in denying the listing.

In order to picture the controversy some of the pertinent facts should be detailed. On July 18, 1960, plaintiff was incorporated under the laws of the State of Oklahoma. Six hundred shares of stock were outstanding, all of which were owned by Robert A. Williams and his wife, Fern G. Williams, except five shares. Until the date of the incorporation Mr. and Mrs. Williams had been, for a number of years, engaged in the trash hauling business in the City of Tulsa. They maintained their office in their residence located at 1861 North Harvard. They had been doing business as a partnership. After the incorporation the office of the corporation was continued in the same residential location, to wit: 1861 North Harvard, Tulsa, Oklahoma.

Mr. and Mrs. Williams, as a partnership, had previously, in 1960, requested the defendant to list the partnership as AAAAA AAAAAAAAAAAAAAAAAAA, as a partnership. This listing was refused. ·

The facts further show ·that the Williamses at the time of the filing of the application in 1960 had been furnished with three separate one party line telephones and all were located in their home address above referred to. These numbers were listed as WE 6–4035, WE 6–9345 and WE 9–0100.

The record further shows that in the 1960–61 telephone directory of Tulsa that out of the first alphabetical listings the plaintiff, then a partnership, was listed seven times. These listings were designated as: A ash cans, A Aaa Accurate Trash Clean-Up, A Aab Trash Serv., A Aabandon-All Trash Serv., A Aactable Trash Hauling Serv., A Abbreviated Trash Clean-Up Syst., and A Adjustable Credit Trash Serv. Several other listings were also contained in the alphabetical list under the name of Williams and other names. All of the above names or denominations are listed under one of the above described telephone numbers and the address in each listing is the residence at 1861 North Harvard.·

The record further shows that in the 1960–61 telephone directory, yellow page classifications, the plaintiff was listed a number of times under the classifications of Ash Cans, Hauling-General, Trash Burners, Trash Hauling and Trash Incineration. Plaintiff has the first two listings under Hauling-General and has a majority of the entire listings pertaining to trash hauling. These listings are under the names of Ace, AAAA, AAAb Trash Service, A Aabandon, A Aactable, A Abbreviated, A Adjustable, and A–1 Incinerator. All of the services advertised under the above designated names and abbreviations showed the business was conducted from the residence, 1861 North Harvard. The telephone numbers given in each instance were one of the three telephone numbers hereinbefore referred to.

On May 16, 1961, after full hearing in the matter, the Commission · entered its order in said cause, being Order No. 45484, wherein the Commission found and ordered that

the denial of the respondent (defendant) herein to list the applicant in the telephone directory under the listing of the AAAAA AAAAAAAAAAAAAAAAAA, Inc., was not an abuse of its managerial discretion and that such application for such listing should be denied.

■ Under the evidence before us we are unable to see where the plaintiff was unjustly discriminated against, or that the refusal by the defendant to accept the particular listing in the alphabetical and classified pages of its general telephone directory was arbitrary, unreasonable or unjust. Such refusal by the defendant, under the facts herein, was within its managerial regulations and policies.

The request of plaintiff for the listing of the twenty-three A's is most unusual. If defendant granted all of the listings desired by plaintiff a condition would be created that could and perhaps would be unfair and unjust to plaintiff's competitors. If this application were granted other such applications would have to be granted until finally a mockery of the telephone directory system would result. The result could be detrimental to the patrons of the telephone company and the public at large in that if other patrons followed the example of the plaintiff the directory would have to be greatly enlarged and would become cumbersome and less efficient.

We find that the defendant did not act arbitrarily, unjustly or unreasonable in the matter and that the finding of the Corporation Commission that the action of the defendant was not an abuse of its managerial discretion should be sustained. See Harvey v. Corporation Commission of Oklahoma, 102 Okl. 266, 229 P. 428, 36 A.L.R. 1445.

The Commission's order was based on reasonable substantial evidence and the order is sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.