JOHNSON, Judge.
The above two cases have been consolidated for purpose of appeal and argument. Identical issues were raised and identical pleadings, except as to names of the parties plaintiff and locations, filed. Identical orders of dismissal and final judgments entered. It is from these final judgments, this appeal is taken.
The appellants, who were plaintiffs below, brought their respective complaints against the appellee as defendant below, alleging in substance that the defendant is a public service corporation; that the defendant has refused to enter into a pole rental agreement with the plaintiffs for use of defendant’s poles in connection with plaintiff’s cable T.V. antenna services and that said defendant was discriminating against them contrary to F.S. § 364.10, F.S.A. and resulting in damages to the plaintiffs.
To these complaints, the defendant filed motions to dismiss, alleging inter alia that the complaints failed to allege a duty owing by the defendant to the plaintiffs to furnish the requested service as outlined in the complaint; also that the complaints failed to allege an agreement or offer and accept- *858 anee which could constitute basis for recovery.
The Court granted the motion to dismiss without stating the basis therefor. Subsequently, thirty days later, final judgment was entered against the plaintiffs and in favor of the defendant. It is from this judgment appeal is taken.
The appellant raises one question in its brief as follows:
“Whether the complaint of the appellant stated a cause of action by discrimination of a public utility against' a particular type of customer when said utility company was furnishing similar services to similar customers ?”
Appellant contends that the complaint properly alleged sufficient facts to make a cause of action, and cites Florida Rules of Civil Procedure 1.110, 30 F.S.A. and also Florida Civil Practice Before Trial at page 352, a portion of which citation contains, inter alia,. the following statement: “The stating of a cause of action should be regarded as the setting forth of ultimate facts, which, if established by competent ■evidence, show a legal liability on the part of the adversary.” (Emphasis supplied.) Also, the further statement: “The complaint must allege a cause of action recognized under the law * * * ”
The appellee admits that appellant has correctly stated the facts and the law, but raises the question by its motion to dismiss, in substance, that the complaint, accepting all the allegations therein contained as true, does not show a legal liability on the part of the appellee toward the appellant.
We have to agree with the appellee in this contention. The Florida Public Service Commission has entered its order dealing with this identical question with respect to whether the Commission should require telephone companies to enter into these pole rental agreements, and in said Order determined that the Commission did not have jurisdiction of this question because it did not affect the regulated public service of the company.
The Florida Supreme Court has indicated in an early case[1] that there is a distinction between the performance of public duties subject to regulation, and the exercise of purely private rights in the management and control of its property.
The Supreme Court of North Carolina[2] has held that telephone companies are not engaged in the business of renting — poles.
The Supreme Court of New York[3] has held that the granting or withholding of permission by the company for the antenna company to use its facilities does not involve any question of discrimination.
From the foregoing cases and order of the Florida Public Service Commission supra, it appears that there is no legal duty of the appellee to furnish this service and therefore F.S.A. § 364.10 is inapplicable, and the complaint having alleged a set of facts from which it cannot recede and which taken in their entirety as true, do not state a legal liability, the Court was correct in granting the motion to dismiss.
The judgments appealed are therefore affirmed.
RAW'LS, C. J., and CARROLL, DONALD K., J., concur.

. State ex rel. Postal Telegraph-Cable Co. v. Wells, 96 Fla. 591, 118 So. 731, 60 A.L.R. 1072 (Fla.1928).

. Southern Bell Telephone and Telegraph Co. v. Clayton, 266 N.C. 687, 147 S.E.2d 195 (1966).

.Ceracchi Television Corp. v. Public Service Comm, of N. Y. and N. Y. Telephone Co., 49 Misc.2d 554, 267 N.Y.S.2d 969.