526 P.2d 1068

**DOLLAR A DAY RENT A CAR SYSTEMS, INC., a corporation, Appellant,**

v.

**The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a corporation, and American Telephone and Telegraph Company, a corporation, Appellees.**

**No. I CA–CIV 2118.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 3, 1974.

Rehearing Denied Nov. 6, 1974.

Snell & Wilmer, by Mark Wilmer, Kenneth R. Reed, Warren E. Platt, Phoenix, for appellant.

Fennemore, Craig, von Ammon & Udall, by Roger C. Mitten, Michael Preston Green, Phoenix, for appellees.

## OPINION

EUBANK, Judge.

This appeal raises the question of whether the telephone company as a public utility can regulate the content of advertise-

ments in its classified directory, and if so, whether advertisements under the name "Dollar A Day Rent A Car Systems" constitute price advertising which the telephone company may properly refuse.[1]

Appellant, Dollar A Day Rent A Car Systems, Inc., is a corporation engaged in leasing and renting automobiles to the public in Arizona and nationally. The appellee, Mountain States Telephone & Telegraph Company (hereafter Mountain States), is a public utility engaged in the general telephone business in Arizona and seven other western states where it enjoys a monopoly of that business in most of the areas served. The appellee, American Telephone & Telegraph Company, (hereafter A. T. & T.) is a corporation engaged in the general telephone business which owns a controlling interest in Mountain States as well as controlling interests in other telephone companies which make up the Bell System.

In connection with its business, Mountain States publishes and distributes to each of its subscribers a directory listing the name, address, and telephone number of subscribers desiring to be listed. The directory consists of two parts, the White Pages which is an alphabetical listing of telephone subscribers, and the Yellow Pages which is a classified listing of businesses and services, containing advertisements for those commercial subscribers willing to pay an additional fee. The Yellow Pages may include extra lines of advertising copy immediately following the directory listing or display advertising located on the same or nearby pages. In both the Yellow and White Pages, Mountain States will, for an additional charge, print the telephone subscriber's name in bold face type font, rather than in a normal light face font.

Mountain States has an announced policy concerning the content of advertising copy published in its classified directory. Its Directory Practice Book I, part J, section 3 (Rev.Oct.1966), establishes standards for Yellow Pages advertising copy content and provides in pertinent part:

"o. Prices—Percentages

Publishing of prices, price ranges, percent reductions or percent discounts, interest and repayment tables in directory copy is not accepted. This avoids the possibility of embarrassment because of changes in these figures during the issue period of the directory. Care should be exercised to avoid price advertising being obtained by circumvention through choice "of firm names, trade or service marks, or by use of digits in cuts which would be understood as price information by users of the directory. Some examples of unacceptable copy:

'Rooms $3.50 and up'   'Guaranteed 4% interest'
'Service calls $2.50'   'Mortgages 5½%'
'50% discount on older   'Lowest loan rates —
   models'                    $36.38 per month per
'10% discount—cash and      $1,000'
   carry'

A White Pages listing, which as copy would be contrary to advertising copy regulations on price, may appear in the white pages and yellow pages only as a free listing. No advertising, including extra-line matter, is acceptable in connection with any such listing, and no such listing is acceptable as copy in any form in advertising.

A brand name, trade or service name or mark, which as copy, drawing or illustration would be contrary to advertising copy regulations on prices, is not acceptable as either part of a trade name listing or trade mark heading, or as copy, drawing or illustration in advertising.

The criterion for determining the acceptability of reference to specific monetary denominations in advertising is whether a price quotation is actually made or implied. Cases may arise occasionally which refer to specific amounts of money but which do not constitute express or implied quotation

---

1. This matter was before the Supreme Court on a special action reported in Dollar A Day Rent A Car Systems, Inc. v. Superior Court, 107 Ariz. 87, 482 P.2d 454 (1971).

of price. For example, where a customer's listed name is 'Ben's Five and Ten Cent Store,' this name would be permitted in advertising since this is a common term used to describe a type of business and the language used therein is not meant to be nor does it imply a price quotation."

Mountain States' policy in prohibiting any form of price advertising is intended to avoid misleading, deceiving, or confusing situations and discourage practices such as "bait" advertising which are not in the public interest. Pursuant to this policy, appellant has been allowed to have a free listing as "Dollar A Day Rent A Car Systems" in the alphabetical index under "Automobile Renting and Leasing" in the Yellow Pages. Appellant, however, has been denied the opportunity to purchase extra line or display advertising under that name or bold face type print using that name. As a result, appellant advertises in the classified directory as "Dollar Systems Rent A Car" and brought this action in the Superior Court seeking declaratory judgment as to its right to advertise in the Yellow Pages under its true name "Dollar A Day Rent A Car Systems". The trial court found that no genuine issue of material fact was presented and granted Mountain States and A. T. & T. summary judgment, ruling, in effect, that advertisements under the name "Dollar A Day Rent A Car Systems" constituted price advertising which the telephone company could properly refuse.

Appellant's initial contention is that the use of the trade name "Dollar A Day Rent A Car Systems" does not constitute price advertising within the meaning of the regulatory policy of Mountain States, or if it is price advertising, this is a question of fact inappropriate for resolution by summary judgment. In support of this argument, appellant emphasizes its expenditures in excess of one million dollars on a promotional campaign designed to give its trade name national exposure. The result, appellant contends, is that the name "Dollar A Day Rent A Car Systems"

now has a primary meaning other than price advertising. The fact that the trade name of a business contains a price quotation does not make the telephone company's rejection of advertisements under that name improper. In Frank v. New York Telephone Co., 34 Misc.2d 395, 228 N.Y.S.2d 536 (1962), it was held that the telephone company was not arbitrary and unreasonable in refusing advertisements under the name "Dollar Fifty Trailer Rental" where company regulations prohibited the use of competitive prices in directory advertising. In $5 A Day 5¢ A Mile Rent-A-Car Co. v. Michigan Bell Telephone Co., No. U–665 (Mich.P.S.C.1961), it was held that names which constitute price advertising, such as $5 a Day 5¢ a Mile Rent-A-Car", are inherently misleading and the telephone company could properly refuse advertisements under such trade names. Appellant attempts to distinguish these cases as involving small local businesses and not an established multimillion dollar national corporation with in excess of one million dollars invested in the promotion of its trade name. This is a distinction without difference. The issue which we must decide is whether the name "Dollar A Day Rent A Car Systems" constitutes price advertising as a matter of law. We hold that it does.

Clearly, "Dollar A Day" expresses a specific price at which cars may be rented and is inherently misleading insofar as it does not state in full the terms and conditions under which appellant rents cars. The facts show that only one-third of appellant's fleet is rented for a dollar a day plus mileage and insurance costs, while the rest is rented on a more expensive basis. Appellant's reliance on its national advertising campaign does not change this fact. Trade names such as "Dollar A Day" or "$5 a Day 5¢ a Mile" expressly quote a price at which cars will presumably be rented. For the users of the Yellow Pages, this meaning is not changed by advertising to the contrary in other media. Nor can appellant claim by virtue of its national advertising campaign that its trade name has acquired a significance which no longer

suggests a price quotation. It is not the equivalent of "Ben's Five and Ten Cents Store", a common term used to describe a type of business. Appellant is in the car rental business and the language "Dollar A Day" is price advertising when used in connection therewith. While "Budget" and "Econo-Car" may suggest low-priced auto rental companies, in our opinion there is no question of fact as to the primary meaning of "Dollar A Day".

■ In an appeal from summary judgment, we must resolve all inferences to be drawn from the evidence in favor of the appellant to determine if there is a genuine issue as to any material fact. Livingston v. Citizen's Utility, Inc., 107 Ariz. 62, 481 P.2d 855 (1971); Rodgers v. Ray, 10 Ariz.App. 119, 457 P.2d 281 (1969). While the question of whether particular words or phrases constitute price advertising may involve subtle nuances of meaning over which reasonable men could differ, that is not the situation here. In our view there is no subtle or rational basis for disagreement as to the ordinary and plain meaning of "Dollar A Day Rent A Car Systems". It is precisely the sort of price advertising that the regulatory policy of the telephone company is intended to prevent.

■ Appellant's next contention is that even if its trade name constitutes prohibitable price advertising, the regulatory policy of Mountain States is unreasonable on its face, or at least, as applied to the appellant. The weight of authority appears to support the proposition that the telephone company in regulating the contents of its directory must act reasonably and avoid discriminatory practices. Videon Corp. v. Burton, 369 S.W.2d 264 (Mo.App.1963); AAA . . . ., Inc. v. Southwestern Bell Telephone Co., 373 P.2d 31 (Okl.1962); Southwestern Bell Telephone Co. v. Texas State Optical, 253 S.W.2d 877 (Tex.Civ.App.1952); Serpa v. Pacific Telephone & Telegraph Co., 17 P.U.R.3d 378 (Cal.P.U.C.1957); $5 a Day 5¢ a Mile Rent-a-Car Co. v. Michigan Bell Telephone Co., supra. *But see* Abco Moving & Storage Corp. v. New York Tele-

phone Co., 199 Misc. 309, 106 N.Y.S.2d 90 (1951). Without deciding if this is an appropriate standard, we find that Mountain States' regulatory policy is reasonable. The prohibiting of price advertising bears a logical relationship to appellee's policy of avoiding questionable advertising practices and public misdirection. This relationship is particularly compelling where, as here, the telephone company in publishing its directory may be a party to any representation made therein, *see* Abco Moving & Storage Corp. v. New York Telephone Co., supra; Serpa v. Pacific Telephone & Telegraph Co., supra; or subject to suit for violations of A.R.S. §§ 44–1481 or 44–1522. While we recognize that appellant has a substantial interest in making full use of its well-publicized trade name, we find no unjustifiable discrimination in appellee's refusal to promote that name by directory advertisements. Such discrimination arises only where there is unequal treatment among the same class of advertisers; for example, auto rental companies. *See* Videon Corp. v. Burton, supra; Southwestern Bell Telephone Co. v. Texas State Optical, supra. Appellant directs our attention to a continuing advertisement in appellee's publication under the name "4 & 4 Rent A Car" to support the allegation that Mountain States' policy has been applied to "Dollar A Day" in an unreasonable and discriminatory fashion. We cannot agree. While it may be argued that "4 & 4" suggests a price, it may also arguably refer to a type of vehicle, while it cannot be disputed that "Dollar A Day" quotes a price. We find this not to be arbitrary nor unreasonable.

■ Equally unpersuasive is appellant's contention that since Mountain States has allowed appellant a directory listing as "Dollar A Day Rent A Car Systems", there is no rational basis to argue that this listing cannot be in bold face or followed by additional lines of advertising. The telephone company may have an obligation to list every subscriber in its classified directory under the trade name desired. *See* Southwestern Bell Telephone Co. v.

Texas State Optical, supra. *But see* AAA . . ., Inc. v. Southwestern Bell Telephone Co., supra. However, it does not follow that it must accept advertising from a subscriber which is contrary to a regulatory policy designed to protect both the telephone company and the public. *See* Videon Corp. v. Burton, supra; Serpa v. Pacific Telephone & Telegraph Co., supra. In this respect, appellant confuses what may be an obligation, on the one hand, with what is an option, on the other hand.

■ Finally, appellant argues that a blanket prohibition on price advertising should be held to be against the public policy since it violates its First Amendment right to free expression and contravenes the policy embodied in the Federal Anti-Trust Laws. We disagree.

The public policy of the State of Arizona strongly encourages the fight against deceptive advertising. The legislature has enacted a law against fraudulent advertising (A.R.S. § 44–1481), a law against unfair sales (A.R.S. § 44–1461 et seq.), and a law against consumer fraud (A.R.S. § 44–1521 et seq.). These acts have the common purpose of discouraging deception in the market place. Mountain States' regulation against price advertising is completely in accord with the public purpose expressed by our legislature. In addition, it is in accord with the public purpose expressed by Congress. *See* The Federal Trade Commission Act, 15 U.S.C. § 41 et seq.

We hold that appellee Mountain States' policy prohibiting price advertising is reasonable and nondiscriminatory as applied to the appellant. Likewise, we find no merit in appellant's contention that there has been an unconstitutional deprivation of First Amendment rights, or that the Federal Anti-Trust Laws have been violated. As summary judgment was proper with respect to appellee Mountain States, it was also appropriate as to appellee A. T. & T.

The judgment is affirmed.

JACOBSON, C. J., Division 1 and HAIRE, P. J., concur.