In the Matter of CERACCHE TELEVISION CORPORATION, on Behalf of Itself and All Others Similarly Situated, Appellant, v ROBERT F. KELLY et al., Constituting the New York State Commission on Cable Television, Respondents. (And Another Proceeding.)

Third Department, December 11, 1975

*Cohen & Berfield (Lewis I. Cohen* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Kenneth J. Connolly* and *Ruth Kessler Toch* of counsel), for respondents.

SWEENEY, J. Respondents constitute the New York State Commission on Cable Television which was established pursuant to article 28 of the Executive Law to regulate cable television companies in New York State. Subdivision 2 of section 817 of such article provides that the expenses of the respondent Commission are to be reimbursed by assessing each cable television company operating in New York State in proportion to its gross receipts. It further provided at the time pertinent to these proceedings that no company may be assessed for more than one percent of its gross annual receipts for any 12-month period. "Gross annual receipts" is specifically defined as "any and all compensation received directly or indirectly by a cable television company from its operations within the state". (Executive Law, § 812, subd [5].)

Respondent commission issued General Order No. 3 on June 7, 1973, assessing each cable television company operating in the State an amount equal to 1.25% of its gross annual receipts during calendar year 1972, which, from an examination of the record, appears to have been based on a 15-month period of the commission's expenses. On February 25, 1974,

General Order No. 4 was issued, assessing each cable television company operating in the State an amount equal to 1% of its gross annual receipts during 1973.

Appellant is a cable television company operating within the State and brings this action for a declaratory judgment attacking the constitutionality of section 817 and to enjoin respondents from enforcing said statute, to declare appellant entitled to a refund of moneys paid under General Orders Nos. 3 and 4 and to order respondent to refund such moneys. Appellant also brings an article 78 proceeding to declare General Order No. 4 null and void and to direct a refund of all moneys paid to respondent thereunder. Relief in both cases is sought on behalf of appellant and a class consisting of all cable television companies operating in New York State as defined in subdivision (1) of section 812 of the Executive Law.

Special Term granted respondents' cross motion for summary judgment in the declaratory judgment action declaring that section 817 was constitutional. In the article 78 proceeding, it granted respondents' motion to dismiss, holding that General Order No. 4 was reasonable and a lawful implementation of section 817. It was also determined that these were not maintainable as class actions. These appeals ensued.

While the cable television industry has been held to be engaged in interstate communication *(United States v Southwestern Cable Co.,* 392 US 157, 168–169), in the present case we find no evidence that section 817 of the Executive Law discriminates in any way against interstate commerce, nor is there any substantial danger of cumulative or multiple State taxation, since all income is derived within New York State.

Appellant's primary contention is that the assessment imposed by section 817 on the entire gross receipts derived from its operations within the State violates the Commerce Clause of the United States Constitution (US Const, art I, § 8, cl 3), in that such assessment fails to allocate between the interstate and intrastate aspects of cable television operations. It maintains that certain of its auxiliary services, such as "pay cable", leased access services and local origination programming are essentially national, rather than local in nature, and revenues derived therefrom are from interstate commerce. This argument is without merit. The Supreme Court of the United States has held that "a nondiscriminatory gross receipts tax on an interstate enterprise may be sustained 'if fairly apportioned to the business done within the taxing state * * * and

not reaching any activities carried on beyond the borders of the state.' *(Canton R. Co. v. Rogan,* 340 U.S. 511, 515.)" *(Matter of Public Serv. Coordinated Transp. v State Tax Comm. of State of N Y,* 6 NY2d 178, 181.) When a tax on gross receipts reaches only that part of the commerce which is carried on within the taxing State, whether it be intrastate or interstate, it is constitutionally valid and does not violate the Commerce Clause. *(General Motors v Washington,* 377 US 436; *Western Live Stock v Bureau,* 303 US 250, 257; *American Mfg. Co. v St. Louis,* 250 US 459, 462.) Merely to characterize a business as interstate commerce does not mean that a portion of its receipts must be exempt from State taxation. What is required is that the tax be fairly apportioned to the commerce carried on within the State. Here, since gross annual receipts as defined by subdivision (5) of section 812 include only that income derived from operations within the State and since appellant's activities occur entirely within the borders of this State, no question of a fair apportionment arises.

Appellant next argues that section 817 is an unconstitutional violation of the Supremacy Clause (US Const, art VI, cl 2) in that Federal regulation of franchise fees imposed on cable television operations has been pre-empted by the Federal Communications Act. The pre-emptive regulation relied upon provides that the franchise fee shall be reasonable (e.g., in the range of 3–5% of the franchisee's gross subscriber revenues per year from cable television operations in the community. (47 CFR 76.31[b].) Appellant contends that since section 817 computes the fee on the basis of "gross annual receipts" instead of "gross subscriber revenues", it is in direct violation of this regulation. In the instant case, however, we find that this regulation has no application. It specifically provides, "The provision of this paragraph shall not be effective with respect to a cable television system that was in operation prior to March 31, 1972 until the end of its current franchise period, or March 31, 1977, whichever comes first." Appellant has been in operation at least since 1960 (see *Matter of Ceracche Tel. Corp. v Public Serv. Comm. of State of N. Y.,* 49 Misc 2d 554), and none of its current franchises expires prior to March 31, 1977.

Appellant's assertion that respondents' General Order No. 4 is invalid because the commission failed to estimate its expenses on which such order was based until after December 1,

1973, in violation of subdivision 2 of section 817, is likewise without merit. Appellant was in no way prejudiced by a late estimate of expenses. Appellant cannot challenge the validity of General Order No. 3 at this time since the time to have done so has long since expired. Nor can there be a basis for finding the assessment in General Order No. 4 excessive because that of General Order No. 3 was excessive when the time to contest No. 3 has expired.

Finally, Special Term properly determined that these proceedings cannot be maintained as class actions. The questions posed here are not of common interest affecting the rights of all members of the purported class of cable television companies operating within New York. Furthermore, where governmental operations are involved and subsequent petitioners will be adequately protected under *stare decisis,* class action relief is unnecessary. (*Matter of Jones v Berman,* 37 NY2d 42.)

The judgments should be affirmed, with costs.

GREENBLOTT, J. P., KOREMAN, MAIN and REYNOLDS, JJ., concur.

Judgments affirmed, with costs.