In the Matter of THE CITY OF NEW YORK, Respondent, and ROBERT M. MORGENTHAU, as District Attorney of New York County, et al., Intervenors-Respondents, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant, and LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Intervenor-Appellant.

Third Department, July 8, 1976

*Peter H. Schiff (Howard J. Read* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Philip Weinberg, Ezra I. Bialik* and *Ruth Kessler Toch* of counsel), for intervenor-appellant.

*W. Bernard Richland, Corporation Counsel (John C. Brennan* and *Nina G. Goldstein* of counsel), for respondent.

*Robert M. Morgenthau, District Attorney (Ann Elizabeth Lewis* and *Robert M. Pitler* of counsel), for Robert M. Morgenthau, intervenor-respondent.

*Sol Greenberg, pro se (George H. Barber* of counsel), for Sol Greenberg, intervenor-respondent.

*Nixon, Hargrave, Devans & Doyle (Michael R. Wolford* of counsel), for Rochester Telephone Corporation and another, *amici curiae.*

*Robert E. Scannell, Raymond F. Burke* and *George E. Ashley* for New York Telephone Company, *amicus curiae.*

*Adalbert K. Wnorowski* for General Telephone Company of Upstate New York, Inc., *amicus curiae.*

HERLIHY, J. In an order dated May 20, 1975, and extended to all telephone companies in New York State, the Public Service Commission (PSC) issued a directive which controls the manner and method in which telephone companies are to comply with requests by investigative bodies for the issuance of subscribers' toll billing records. As a general proposition, the order seeks to compel notification by the telephone company to a subscriber that his records are to be released unless a court order provides otherwise.

The PSC has issued the order upon the ground that the release of toll billing records without notice to the subscriber may be subject to abuse and infringe upon the privacy of those who utilize telephone facilities.

The dispositive issue both at Special Term and upon this appeal is whether or not the PSC has jurisdiction over the release or nonrelease of subscribers' records by the telephone companies.

The Public Service Commission, like all State agencies or commissions, has only those powers which have been specifically conferred upon it by statute, together with such implied powers as are necessary to carry out the specific grant *(Matter of National Merchandising Corp. v Public Serv. Comm.,* 5 NY2d 485). It is well established that not every aspect of a utility is subject to regulation insofar as such regulation would attempt to control third parties without there being a perceivable impact upon the service rendered by the utility (see *Matter of National Merchandising Corp. v Public Serv. Comm., supra).*

Special Term reviewed the provisions of the Public Service Law and found no direct or implied power in the PSC to protect subscribers' billing records in the interests of privacy. A further review in this court does not disclose any such power and it does not appear that there is any necessity for considering the PSC as the guardian of any constitutional rights which a subscriber may have as to the release of his toll billing records. If any subscriber believes that his rights are violated, the issue should be raised by him in the courts. If a utility has any reason to contest a demand for information it may likewise resort to the courts for protection.

The order herein involves activities which are not exclu-

sively "utility" actions and are, therefore, beyond the reach of PSC jurisdiction as set forth in the Public Service Law.

The judgment should be affirmed, without costs.

KOREMAN, P. J., KANE, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.