John T. Casey, J.
The petitioner telephone company moves herein to annul an order of the respondent commission dated April 28, 1976 as being without jurisdiction and unreasonable. It is the opinion of this court that the order fails in both respects and should, therefore, be invalidated and the petitioner’s motion granted.
The order was adopted in response to the complaints of certain classified directory advertisers and consumer affairs *22 groups about the company’s recent attempt, without commission approval, to change its existing policy and permit Vz- and %-page display advertising in its 4-column 9 inches by 11 inches yellow pages in the Suffolk County directory, a policy that will continue in future issues.[1] Since World War II the largest size ads permitted were 14-page. All other ads were of lesser dimensions. To reduce any dispute that might arise among its advertisers, concerning preferential positioning, the company adopted during that time a set of "positioning rules” which granted a preference to the subscribers according to the size ad purchased, and within each size group to the oldest advertiser in order of continuous years of advertising.
In its attempt to resume its policy of permitting larger ads of Vz- and %-page dimensions, the company applied the same set of "positioning rules” under which it had operated for so many years. Subscribers to the 14-page ads complained to the commission that such a policy erased any positioning advantage that their years of advertising had given them, in favor of the new advertisers who subscribed to the new larger ads or compelled them to purchase a larger ad in order to retain their preference. The commission agreed and stamped the company’s policy discriminatory and coercive and adopted the subject order to prevent it. The order was promulgated preliminarily, before the commission’s own proceedings were concluded because the issuance of the Suffolk County classified section for 1976-1977 was imminent.
By its terms the order required the company to discontinue its prior "positioning rules” to the extent that the newly permitted ads of Vz- and %-page dimensions, although larger, could not be positioned ahead of the 14-page ads but had to be interspersed therewith permitting the 14-page advertisers to retain any preference their past patronage had gained them without the necessity of purchasing one of the new larger ads. Thus, the commission concluded that the company’s "positioning rules” when applied to the new larger ads would be discriminatory since the advertisers in the already existing 14-page ad group would be disadvantaged thereby. The subject order did not prohibit the reintroduction of the larger ads but attempted to eliminate the coercive feature of the company’s proposal by placing all advertisers of Vz-, %- and 14-page *23 within the same class requiring the oldest consecutive 14-page advertisers to be preferred over any subscriber to the new, larger and more expensive ads. The order further provides for a general investigation of the telephone company’s priority system in directory advertising at a hearing to be set and held in the future. Alternatively, the telephone company was permitted to elect not to provide ads in excess of 14-page and was ordered to contact all advertisers who placed orders for 14-page and %-page ads to advise them of the order and to give them the option of changing their ads.
The company contends that its decision in regard to classified advertisers is a purely business one, beyond the commission’s jurisdiction and, in any event, the company’s "positioning rules” as they have heretofore operated without challenge are reasonable and continue to be so when applied to the new larger ad groups.
At most, the commission’s jurisdiction in regard to classified advertising and the revenues produced thereby are limited. The commission derives no statutory authority from the Public Service Law over classified advertising. Such ads and listings do not constitute service "over the line” of the telephone company so as to be included within subdivision 1 of section 92 of the Public Service Law. (See Matter of Solomon v Public Serv. Comm., 286 App Div 636.) In the exercise of its general regulatory powers under the Public Service Law the jurisdiction prescribed by Solomon (supra) is extended only to the "light faced alphabetical listings” in the classified directory and to discrimination prevented by subdivision 3 of section 91 of the Public Service Law. What control had been exercised formerly over display advertising assured only that the "light face listings”, as an integral part of telephone service, suffered no interference from overloading by the display, making the finding of the name and number of a subscriber difficult and further assured that the privilege of inserting advertisements was and is available to all subscribers upon the same terms and conditions, without discrimination. (See Matter of Solomon v Public Serv. Comm., supra.) This authority held that not all aspects of classified advertising are matters of concern to the commission, however, and that in this regard such advertising is similar in some respects to advertising in other media. In approving and following Solomon the Court of Appeals indicated an intention to limit rather than to expand the doctrine of Solomon and held in Matter of National *24 Merchandising Corp. v Public Serv. Comm. (5 NY2d 485) that the sale of classified advertising by telephone companies did not permit the Public Service Commission to exercise its jurisdiction to immunize the telephone company from competition since that activity did not come within the scope of essential public service.
The Public Service Commission’s jurisdiction and authority are circumscribed by the Public Service Law and the incidental and implied powers necessary to effect its purposes (see Matter of Public Serv. Comm. v Jamaica Water Supply Co., 54 AD2d 10) and in regard to telephone companies the ultimate objective of the commission is to insure proper and adequate service at reasonable cost to the public. (Matter of City of New York v Public Serv. Comm., 84 Misc 2d 1058, 1062, affd 53 AD2d 164.) Therefore, regardless of the salutary purposes that the commission might intend, the law simply does not give it control over every breath that the telephone corporation takes. From the provisions of the Public Service Law and from the authorities cited it follows that the commission has no authority to dictate the size of the display ads that the company permits, since this is a purely business decision and the commission can control display ads only insofar as they might interfere with the subscriber’s light faced or ordinary listings or are discriminatory as Matter of Solomon v Public Serv. Comm. (supra) has decided. This order cannot be sustained on the ground that the company is interfering with ordinary listings, however, for the hearings before the commission have not yet been concluded in this matter and no such determination has been made based on any evidence presented at such a hearing.
It is interesting to note that what the commission wants to restrict by its order herein (the size of the display ads) and what it wants to change (the positioning rules) were both inaugurated by the company and not by the commission and were both applied since 1944 by the company without commission interference or control, actual or attempted, and that the authorities cited above were cases where the commission was attempting to stay out of that area. Seemingly, this is the first attempt by the commission to interfere therein. Neither the statutes nor the cited authorities permit the attempt by the commission to exceed the limitations placed upon its jurisdiction.
Lacking such authority and control by the commission, it is *25 the company that should make the decision in regard to what is best for the corporation from a business standpoint regarding advertising. Furthermore, the order of the commission runs contra to its duty, as stated in Solomon (at p 640) in regard to advertising, "the commission’s primary concern is to see that the telephone company obtains the maximum revenue which it can reasonably obtain from its advertising operations so that the amount of revenue to be obtained from subscribers for telephone service may be reduced as much as possible.” Surely this objective is furthered when more money is paid for company advertising, as this amount may be reflected to the financial advantage of all subscribers in the rate schedules that the commission has the right to set and control.
Having determined that the commission has no statutory jurisdiction, actual or implied, over the size of the ads permitted, the question of whether the company’s positioning policy results in discrimination under subdivision 3 of section 91 of the Public Service Law to its advertising subscribers remains. If so, the commission would have the power to intervene to prevent it inasmuch as advertising privileges must be, under the authority of Solomon "available to all subscribers upon the same terms and conditions without discrimination”. The commission has determined that the company’s positioning policy is discriminatory and will continue to be so unless the 14-page advertisers are grouped with the new %-page and 14-page advertisers so as to retain the preference over the larger advertisers that their seniority has gained them. The company claims that the present positioning rules should be retained and be extended in kind to cover the new advertising area and that such policy is not discriminatory. This court agrees with the company. Surely, if the company were starting its advertising program in regard to ads of all sizes there would be no discrimination in giving a preference to the purchaser of a larger, more expensive ad over a lesser one any more than there would be in giving a theatre patron a better seat because he purchased a more expensive theatre ticket and if the policy of seniority within each ad size group were retained to grant preference within the groups to the longest continuous advertiser no discrimination would result unless some advertiser did not receive the status this policy afforded him or a junior advertiser was preferred over a senior one. Preference to the more expensive and in order of seniority is simply *26 a business way of life. The older customer, however, has no right to expect that he is entitled to the same product or position for less money than the newer customer is paying simply because he has done business with the same company for more years. The older customer is given the same opportunity as the newer one herein, i.e., to purchase the larger ad. If he does so, his previous seniority will be retained in the size group that his purchase places him. If he does not, he has no right to expect any more than his seniority has gotten him in the group he is paying for. The company’s policy in this regard might be well considered business pressure but it is not discrimination.
The commission may well test the policy of any utility by the yardstick of discrimination preliminarily as stated in Solomon. In the final analysis, however, it is the courts that must ultimately determine the issue of whether a public utility policy is discriminatory. The commission has no special expertise in the matter of what is or is not discriminatory beyond the power of the courts and this court, at least, feels that the policy of positioning adopted by the company is nondiscriminatory.
Furthermore, it is the opinion of this court that the requirement of the commission that the 14-page advertiser because of seniority must be grouped with the new % and %-page advertisers gives the 14-page advertiser an undue preference for the cost of a 14-page ad that is not given, for example, to the advertisers who purchase with seniority a %-page ad in relation to a 3/i 6-page advertiser with less seniority. Nor does the commission’s order treat the new %-page advertiser fairly for the %-page advertiser gets no positioning preference over the new %-page advertiser who has by the order been placed in the same group. This amounts to discrimination in reverse. Any order that so requires would itself be stamped arbitrary. Where the present company policy is nondiscriminatory since there is no offering of different terms and conditions to different customers (People ex rel. Western Union Tel. Co. v Public Serv. Comm., 230 NY 95) the company has the business right to retain it and the commission’s attempt to change it is without authority and its order to that effect is arbitrary and, therefore, null and void. If the hearings by the commission in this regard continue they must determine if the company’s positioning policy in regard to display advertising is interfer *27 ing with the ordinary or light faced listings as that is the extent of the commission’s jurisdiction.
Motion granted.

. Before World War II such larger ads were permitted but, because of the wartime shortages of materials, were discontinued in 1944. Now the company seeks to reestablish such ads.