OPINION OF THE COURT
Memorandum.
The order of the Appellate Division' should be reversed, with costs, and the matter remitted to Special Term for further proceedings on the petitions. The question certified is answered in the negative.
Section 102 (subd 12, par [d]) of the Real Property Tax Law includes in the definition of real property subject to taxation "[telephone and telegraph lines, wires, poles and appurtenances; supports and inclosures for electrical conductors and other appurtenances, upon, above and underground”. Respondent contends that petitioner’s cable television equipment is "functionally analogous” to telephone and telegraph equipment and that it should be taxed pursuant to section 102 (subd 12, par [d]) of the Real Property Tax Law. However, inasmuch as the statute itself fails to define the terms "telephone or telegraph”, those words may be given their ordinary meaning (see Quotron Systems v Gallman, 39 NY2d 428, 431; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 234), with any ambiguity in the statute to be construed most strongly in favor of the taxpayer and against the government (American Locker Co. v City of New York, 308 NY 264, 269; McKinney’s Cons Laws of NY, Book 1, Statutes, § 313, subd c). When so construed, we do not believe section 102 (subd 12, par [d]) of the Real Property Tax Law authorizes taxation of petitioner’s equipment as real property. We are satisfied from the record before us that there are significant differences, in both structure and function, between cable television equipment and telephone and telegraph equipment — the former, for example, allowing only one-way communication. These differences, as a matter of law, preclude taxation of petitioner’s equipment upon the theory that it is "telephone or telegraph” equipment within the meaning of the statute. (Cf. New York State Cable Tel. Assn. v State Tax Comm., 59 AD2d 81, 83.)
Nor do we believe that petitioner’s equipment may be taxed as an appurtenance to telephone lines. We would note that *870 the transmission lines through which petitioner transmits its signal are taxed pursuant to a different statutory authority (Real Property Tax Law, § 102, subd 17) and are not the subject of this proceeding. However, even if we were to assume, as the trial court apparently did, that these lines were so similar to telephone lines that they could be considered such for tax purposes, the movable equipment in petitioner’s facilities and in the homes of subscribers to petitioner’s cable television service would still not be taxable. As we have only recently stated, "section 102 (subd 12, par [d]) of the Real Property Tax Law is 'aimed principally at expanding the definition of real property with respect to utility companies’ ”. (Matter of Quotron Systems v Irizarry, 48 NY2d 795, 797, quoting Matter of Crossman Cadillac v Board of Assessors of County of Nassau, 44 NY2d 963, 964.) Inasmuch as petitioner is not a utility (cf. Matter of Ceracche Tel. Corp. v Public Serv. Comm., 49 Misc 2d 554), its movable equipment is not subject to taxation as an appurtenance to telephone lines pursuant to this section.
Chief Judge Cooke and Judges' Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.