In the Matter of the Estate of DOROTHEA B. HARDING, Deceased.

STATE TAX COMMISSION, Appellant.

CHARLES B. HARDING et al., as Executors of DOROTHEA B. HARDING, Deceased, Respondents.

Argued October 3, 1938; decided November 29, 1938.

*Mortimer M. Kassell* and *Harry T. O'Brien, Jr.,* for appellant. Section 249-p of the Tax Law (Cons. Laws, ch. 60) does not impose a tax on the intangibles of a non-resident; it taxes only his real and tangible personal property situated in this State. (*Matter of Fearing,* 118 Misc. Rep. 595; 206 App. Div. 657; 237 N. Y. 528; *Matter of Nesbitt,* 204 App. Div. 504; 237 N. Y. 527; *Matter of Wilson,* 215 App. Div. 202; 243 N. Y. 581; *Matter of Lagergren,* 276 N. Y. 184.)

*Sidney W. Davidson* and *McDonald E. Wrenn* for respondents. The Tax Law, properly construed, does not impose an estate tax on the estate of the decedent herein. (*Matter of Rueff,* 157 Misc. Rep. 680; 249 App. Div. 617; 273 N. Y. 530; *Matter of McAlpin,* 166 Misc. Rep. 333; *First Nat. Bank* v. *Maine,* 284 U. S. 312;

*Baldwin* v. *Missouri*, 281 U. S. 586; *Farmers Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204; *Worcester County Trust Co.* v. *Riley*, 302 U. S. 292.)

*Walter D. Fletcher, William M. Hobson* and *John M. Polk* for executors of Emma R. McAlpin, deceased, *amici curiœ.* The estate of a non-resident in which the deductions authorized by section 249-s of the Tax Law exceed the value of the property subject to tax in this State is not taxable. (*Matter of Rueff,* 157 Misc. Rep. 680; 249 App. Div. 617; 273 N. Y. 530; *Matter of McAlpin,* 166 Misc. Rep. 333.) A State may not tax intangibles of a non-resident decedent. (*First Nat. Bank* v. *Maine,* 284 U. S. 312; *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204; *Beidler* v. *South Carolina Tax Comm.,* 282 U. S. 1; *Baldwin* v. *Missouri,* 281 U. S. 586; *Worcester County Trust Co.* v. *Riley,* 302 U. S. 292.)

*Per Curiam.* In *Matter of Lagergren* (276 N. Y. 184) we held that the tax imposed by section 249-p of the Tax Law (Cons. Laws, ch. 60) upon the estates of non-resident decedents was constitutionally valid. That case did not present the question whether such a tax is payable where the deductions allowed by section 249-s exceed the value of the tangible property in this State. This case presents that question of construction.

" It is true that the statute does not say that the deductions allowed by section 249-s are limited by the formula prescribed by section 249-p or that only such portion thereof shall be made as will leave a taxable net estate. The statute directs that such deductions shall be made." (*Matter of Lagergren, supra,* p. 191.) It is also true, however, that section 249-s directs that the deductions shall be made from the " gross estate " which, as defined by section 249-r, includes not only a decedent's tangible real and personal property within this State, but also his intangibles. When all these provisions are

taken together, it cannot be said that the statute imposes no tax where the value of the tangible property within this State is less than the deductions allowed. Rather it was plainly the purpose of the Legislature that in that case the deductions shall be prorated in the proportion that the value of the tangible property in this State bears to the value of the gross estate. We think the statute sufficiently gives effect to that purpose.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.