In the Matter of the Estate of EDWARD H. O'FLYN, Deceased.

Surrogate's Court, New York County, October 22, 1948.

*Wingate & Cullen* for Cyrus S. Jullien and another, as executors of Edward H. O'Flyn, deceased, appellants.

*Hamilton McInnes* for State Tax Commission, respondent.

DELEHANTY, S. Representatives of the estate of the residuary legatee here question the method of fixation of the estate tax. The appeal from the action of the appraiser is based on the contention that in computing the gross tax estate he included erroneously the full value of a parcel of real property in this State which was subject to a mortgage. Deceased died domiciled in California. He left a gross estate of over $271,000. Among his assets were some tangible personalty of nominal value in this State and a parcel of real property in this State. The New York estate tax has been fixed only in respect of these categories of deceased's assets. The real estate was appraised for estate tax purposes at a valuation of $215,000. At deceased's death this property was subject to a mortgage which with interest to date of death amounted to $51,367.30. Deceased was liable personally on the bond which the mortgage secured.

In reporting the *gross* estate the whole value of the realty was used undiminished by the mortgage debt. In computing the *net* estate a deduction for the indebtedness was allowed in a differ-

ent schedule. On the basis of this method of dealing with the real estate, the mortgage debt thereon and deceased's liability on the bond, the appraiser applied the formula specified under section 249-p of our Tax Law in fixing the New York estate tax on this nonresident's estate. The appealing representatives of the residuary legatee contend that this procedure was erroneous, that in this State deceased had only an equity in the real property, that despite the deduction of the liability on the mortgage bond in a different schedule the inclusion of the value of the realty undiminished by the mortgage plus the application of the statutory formula resulted in the assets here being taxed at more than their fair market value. Appellants contend that this result is contrary to the provisions of our tax law and is a result forbidden by the Constitution of the United States.

The attack on the constitutionality of the formula must fail. It has been sustained repeatedly by the Court of Appeals (*Matter of Drexel,* 280 N. Y. 817; *Matter of Harding,* 279 N. Y. 142; *Matter of Lagergren,* 276 N. Y. 184).

Appellants also rely upon *Matter of Billings* (70 N. Y. S. 2d 191). In that case the nonresident decedent was not personally liable on the bond. The brief of the State Tax Commission appears to make no challenge of the ruling in the *Billings* case (*supra*). It points out however that it is distinguishable because here deceased was liable on the bond and because in the computation of the estate tax that liability was recognized by granting a deduction for the amount of it in one of the estate tax schedules. The State Tax Commission also points to the fact that the Federal regulations which were adverted to in support of the *Billings* opinion make it clear that in a factual situation such as is here present the method adopted by the appraiser is the only permissible method. It appears to be established law that where there is such direct personal liability on an obligation secured by a pledge or mortgage the correct procedure is to report the full value of the collateral and to deal with the indebtedness in another category (*City Bank Farmers' Trust Co.* v. *Bowers,* 68 F. 2d 909, 913, certiorari denied 292 U. S. 644).

On the authorities cited the appeal is overruled. Submit, on notice, order accordingly.