Harry G. Herman, S.
This appeal by the administratrix from the pro forma order of this court dated October 13, 1964 (referred to incorrectly in the notice of appeal as October 17, *302 1964), fixing the estate tax at $70.07, raises the question of the correct formula to be employed in computing the New York State estate tax on the estate of a nonresident.
The decedent died on December 15, 1962, a resident of Irving-ton, New Jersey. . Accordingly, the new article 26 of the Tax Law, applying to the estates of decedents dying on or after April 1, 1963, is not applicable herein. His total estate consists of real property in New York valued at $7,187.50, an automobile in New Jersey valued at $1,300, and an undivided one-eighth interest in the residuary estate of a Westchester C'ounty decedent, valued at $4,000, for a total of $12,487.50. Debts and administration expenses total $1,401.05. The decedent’s sole distributee is his daughter, the administratrix, who is entitled to a $5,000 exemption from the amount of the net estate (Tax Law, § 249-q, suibd. b).
The administratrix argues as follows:
If the tangible personal property located in New Jersey and the intangible personal property are excluded from the gross estate, this leaves $7,187.50. After deducting debts and administration expenses from this, $5,786.45 is left. If the $5,000 exemption is subtracted therefrom, the result is $7-86.45, and since this amount is less than $2,000, there should be no tax (citing Tax Law, § 249-p, as amd. by L. 1960, ch. 367. eff. April 7, 1960).
This argument is erroneous. The pertinent language of section 249-p of the Tax Law with regard to this is: “ the estates of nonresidents consisting of real property situated and tangible personal property having an actual situs in this state, the gross aggregate value of which is less than two thousand dollars, shall not be taxable.” (Emphasis added.)
The gross aggregate value of real property situated in New York and tangible personal property having an actual situs here is $7,187.50, a sum in excess of $2,000. This estate, therefore, is taxable (Biskind and Scanlon, Estate Management and Accounting [1965], § 273.08, p. 1018).
Under section 249-p the tax imposed on the estate of a nonresident is limited to that part of the estate consisting of real property situated in New York and tangible personal property located here. The formula there provided is this: ‘1 Ascertain the amount of tax which would be payable under this article if the decedent had died a resident of this state with all his property (except real property situated and tangible personal property having an actual situs outside this state) situated or located within this state, and multiply the net tax so ascertained by a fraction the denominator of which shall be the value of the *303 gross estate as ascertained for the purpose of computing such tax and the numerator of which shall be the said gross estate value of the real property situated and the tangible personal property having an actual situs in this state. The product shall be the amount of tax payable to this state. No credit shall be allowed against the tax so determined.”
Using this formula, from a gross estate of $12,487.50 there is subtracted the tangible personalty located in New Jersey ($1,300), leaving a New York gross estate of $11,187.50. From this are subtracted the debts and administration expenses ($1,401.05), leaving a net estate of $9,786.45, which amount, less the $5,000 exemption, leaves a taxable amount of $4,786.45. The normal New York tax at 2% would be $95.73, which is then multiplied by $7.187.50/$!!,187.50, resulting in a nonresident tax of $61.50 (Matter of Lagergren, 276 N. Y. 184; Matter of Harding, 279 N. Y. 142).
The State Tax Commission concedes that the tax previously fixed in the sum of $70.07 is incorrect and does not oppose amending the order fixing tax to reflect the correct tax of $61.50.
Matter of Rueff (157 Misc. 680, affd. 249 App. Div. 617, app. dsmd. on the ground that a constitutional question was not solely presented 273 N. Y. 530) and Matter of McAlpin (166 Misc 333) relied on by the administratrix, even if they were still the law today, are inapplicable, since the debts and administration expenses in this estate do not exceed 1 ‘ the value of the property tangibly within this State ” (Matter of McAlpin, supra, p. 334).
It is the view of this court that the determinations of the Court of Appeals in Matter of Lagergren (supra) and Matter of Harding (supra) are controlling on the questions of the constitutionality and application of the formula set forth in section 249-p of the Tax Law.
The pro forma order fixing tax shall be amended in accordance with this opinion and decision, and, as amended, is affirmed.