In the Matter of NEW YORK TELEPHONE COMPANY, Respondent, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant.

Third Department, March 31, 1977

*Peter H. Schiff (Charles R. Gibson* of counsel), for appellant.

*Davis Polk & Warwdell (Lawrence E. Walsh, Guy M. Struve, Richard J. Cunningham* and *Beverly F. Chase* of counsel), and *George E. Ashley, Raymond F. Burke* and *Kenneth L. Demarest, Jr.,* for respondent.

MAIN, J. For each geographical area for which it provides telephone service, petitioner New York Telephone Company publishes classified advertising directories, commonly referred

to as the "yellow pages", in which all business telephone subscribers are offered a light type face listing without additional charge. The opportunity to purchase space for display advertising in the yellow pages is also offered to these subscribers, and in Suffolk County, the policy for many years has been that display ads within each business classification have been arranged in decreasing order of size and, within each size, in decreasing order of seniority as determined by the number of consecutive years a customer has taken out a particular sized advertisement. Since 1944 the maximum size ad available in the directory has been one quarter of a page, but for the 1976-1977 directory petitioner offered one-half page and three-eighths page spaces for ads under a proposal whereby these larger-sized advertisements were to be listed ahead of one-quarter page ads regardless of the seniority of the purchasers thereof. Only by changing to a larger ad could a one-quarter page advertiser with seniority retain his placement advantage.

Responding to complaints concerning this proposal from its Citizen's Advisory Council and the Nassau Chapter of the Association of Home Appliance Service Companies, Inc., respondent issued an order, dated April 6, 1976, directing petitioner to show cause why the maximum size ad should not remain one-quarter page with the corresponding regulations and sales practices continuing in effect. Thereafter, petitioner filed a response to the complaints and a member of the Citizen's Advisory Council filed a rebuttal. Respondent considered these submissions and found that petitioner's proposal was unreasonable and would result in unjust discrimination and undue preference among its subscribers because of the abrogation of established relationships and economic coercion inherent therein. Accordingly, it adopted an order, dated April 28, 1976, which provided, *inter alia,* that petitioner should consider all one-half page, three-eighths page and one-quarter page advertisers as a single class for purposes of the placement of their respective ads in the 1976-1977 classified directory and give effect to the seniority theretofore established by the one-quarter page advertisers. Alternatively, the order provided that petitioner could elect not to provide ads larger than one-quarter page.

Upon the denial of its motion for a rehearing on this matter by order of respondent dated June 22, 1976, petitioner commenced the instant proceeding wherein it seeks a judgment

annulling and setting aside respondent's orders of April 28, 1976 and June 22, 1976. In its decision, Special Term held that respondent was without authority to control and change petitioner's proposed new advertising policy as provided in its challenged orders and that said orders were arbitrary and, therefore, null and void. This appeal ensued.

The central question presented for our determination is whether respondent exceeded its authority in its attempt to control petitioner's advertising policy, and we find that it did. Although respondent undoubtedly has some power to regulate the advertising which appears in classified directories, its authority in this regard is clearly limited. As this court stated in *Matter of Solomon v Public Serv. Comm.* (286 App Div 636, 639): "The Public Service Commission therefore has the responsibility of seeing to it that advertising in the classified directory is set up in a manner which does not unduly interfere with the use of the ordinary listings and that the privilege of inserting advertisements is available to all subscribers upon the same terms and conditions, without discrimination." That this is the extent of respondent's jurisdiction in this area was further made clear in *Matter of National Merchandising Corp. v Public Serv. Comm.* (5 NY2d 485), wherein the Court of Appeals adopted the above-quoted language. Moreover, subdivision 3 of section 91 of the Public Service Law does not serve to enlarge this jurisdiction and respondent's reliance thereon to justify its actions here is misplaced because that subdivision relates not to petitioner's advertising policies, but solely to the actual telephone service it provides and to the rates which it charges therefor.

In the present instance, there being no contention of interference with the use of the ordinary listings and it being conceded that the larger display ads were offered to all of petitioner's customers upon the same terms and conditions, the sole question remaining is whether the advertising proposal is discriminatory, and in our opinion the record does not support such a finding. The contracts between petitioner and each advertiser are negotiated anew each year, and the obligations thereunder expire with the issuance of each year's directory. Accordingly, the advertisers have neither bargained for nor received any continuing guarantee as to the positioning of their ads, and it cannot be seriously argued that respondent can regulate their annual contract negotiations with petitioner either by means of the orders in question or

otherwise. Moreover, whatever seniority long-time advertisers may have established by their continuous annual purchase of one-quarter page ads was in relationship to subscribers to similar-sized and smaller ads, and among this group of advertisers any positioning benefits arising from said seniority can be retained even upon implementation of the new proposal. Under all of the above circumstances, it is plain that an equal opportunity for the advantageous positioning of ads is accorded to all of petitioner's business customers, and there is simply no adequate basis for adjudging the proposed advertising policy to be discriminatory. Such being the case, respondent had no authority to issue the orders challenged herein, and they were properly annulled by Special Term.

Respondent's additional contention that petitioner's application for relief should have been dismissed as moot is similarly without merit. Concededly, the 1976-1977 Suffolk County classified directory has already been published in compliance with respondent's directives because there was no further time for delay. However, this proceeding raises a question of importance likely to recur, and, therefore, said question was properly entertainable by Special Term (*Matter of Jones v Berman,* 37 NY2d 42).

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., KANE, MAHONEY and HERLIHY, JJ., concur.

Judgment affirmed, without costs.