OPINION OF THE COURT
Harold J. Hughes, J.
Petitioner initiated this proceeding to compel the telephone company to establish in its classified yellow pages a separate captioned heading of "medical hypnosis” under the general heading of "physicians & surgeons Grouped By Practice”, and respondents have moved to dismiss the petition.
Petitioner is a physician practicing in Scotia, New York. He asserts that in addition to his general practice, he engages in the specialty of medical hypnosis and alleges that this is a specialized branch of medicine which has been recognized as *541 such by the American Medical Association. Petitioner placed an order with respondents to advertise in the yellow pages of the 1979-1980 Capital District Area telephone directories the following listings: (1) a small-print listing under "hypnotists” with an extra line denoting "Medical Hypnosis — Office and Hospital”; (2) a small-print listing in the alphabetical listing under "physicians & surgeons (m.d.)” with an extra line denoting "Family Practice — Medical Hypnosis”; (3) a small-print listing in the "physicians & surgeons Grouped By Practice” listing under the heading of "family practice” with an extra line denoting "Medical Hypnosis”; and (4) a separate bold-faced captioned heading entitled "medical hypnosis” under the general heading of "physicians & surgeons Grouped By Practice” with the petitioner’s name and office address listed thereunder.
Respondent telephone company accepted the first three orders and declined the fourth on the ground that, because of the unlimited number of procedures that physicians regard as specialties, the telephone company elected to limit bold-face captioned headings in the "physicians & surgeons Grouped by Practice” listing to those specialties recognized by the New York State Board of Regents. Respondents have submitted evidence that the Board of Regents does not recognize medical hypnosis as a medical specialty, including a letter dated December 5, 1978 from John F. Roach, M.D., Executive Secretary of the State Board for Medicine, stating, "I assure you that the New York State Board for Medicine never has, nor does it now, recognize Hypnosis as a medical specialty.” Petitioner has submitted documents indicating that private organizations such as The Society for Clinical and Experimental Hypnosis, Inc., recognize medical hypnosis as a specialty, although that organization’s own historical brochure recites: "The American Board of Clinical Hypnosis with its three sub-boards in medicine, dentistry and psychology was incorporated by vote of the Executive Council of SCEH to meet a need of the Society. As such, the sub-boards are not part of the specialty board structure of the American Medical Association or the American Dental Association(Emphasis supplied.)
It is the position of petitioner in this proceeding that the decision of the telephone company to limit its bold-face captioned headings to those specialties recognized by the New York State Board of Regents rather than to those specialties recognized by private organizations constitutes arbitrary and *542 capricious action which will irreparably damage him and the public at large. It is the position of the telephone company that their advertising policy with respect to medical specialty listings in the yellow pages is fair, reasonable, not discriminatory against Dr. Bakal, and in the interest of the public. Moreover, respondent asserts the acceptance or rejection of yellow pages advertising constitutes a private function of the telephone company as opposed to "an essential public service” such as the white pages alphabetical listing, and with respect thereto it is free to contract for what advertising it will accept without governmental interference so long as "the privilege of inserting advertisements is available to all subscribers upon the same terms and conditions, without discrimination”. In that regard respondent points out that the contract between petitioner and respondent provides in paragraph 10 that "The omission of a unit from any issue of the directory shall constitute a rejection by the company of the order for such unit with respect to such issue, and in the event of omission, any amount paid hereunder applicable to the omitted unit for that issue shall be refunded to the applicant and no other or further liability shall exist.”
The issue before the court is whether the decision of the telephone company to decline petitioner’s proffered advertising constitutes arbitrary, capricious or discriminatory conduct.
In the Matter of National Merchandising Corp. v Public Serv. Comm, of State of N. Y. (5 NY2d 485, 490) the Court of Appeals stated the rules applicable to yellow pages advertising as follows: "While this alphabetical listing in the directories is an essential public service, once a telephone company had discharged this duty, it is under no obligation to solicit advertisements for its directories. Indeed, the sale of advertisements for publication in the directories is not considered an essential public service * * * In this regard, 'the position of a telephone company is analogous to that of a publisher of a newspaper or magazine.’ ”
The Court of Appeals further instructed (supra, p 490) that those reviewing the decisions of the telephone company with respect to advertising should limit themselves to " 'seeing to it that advertising in the classified directory is set up in a manner which does not unduly interfere with the use of the ordinary listings and that the privilege of inserting advertisements is available to all subscribers upon the same terms and conditions, without discrimination.’ ”
Courts should intervene sparingly in the business decisions *543 of the telephone company with respect to advertising since, "the law simply does not give it control over every breath that the telephone corporation takes” (Matter of New York Tel. Co. v Public Serv. Comm, of State of N. Y, 88 Misc 2d 21, 24, affd 56 AD2d 415). Equitable relief against the telephone company will be denied where the company did not act arbitrarily in refusing to accept an advertisement for the yellow pages (Frank v New York Tel. Co., 34 Misc 2d 395).
The case of Boyer v Southwestern Bell Tel. Co. (252 F Supp 1) presented an issue similar to that herein. In that case the plaintiffs, a group of master plumbers, sued the telephone company to enjoin it from classifying sewer and drain cleaners in the 1964 yellow pages under a subheading "plumbing— drain & sewer cleaning” upon the theory that not all sewer and drain cleaners were plumbers and the foregoing caption would lead the public to believe they were. The subscription contract provided that the telephone company " 'reserves the right to make changes in yellow pages headings which, in its judgment, will best serve the purposes of the directory’ ” (supra, p 3). The court stated (supra, p 3) that, "It seems to us so long as defendant’s classification is done reasonably and without malice or illwill or as a result of arbitrary or capricious action, plaintiffs are precluded by their contracts from asserting their claims against defendant.” The court held (supra, p 4) that, "we are forced to conclude that in any event the classification at bar is not unreasonable and that the public will not be materially confused or misled thereby.”
In the instant case the court concludes that the policy of the telephone company of restricting those medical specialties entitled to separate bold-faced headings to those recognized by the New York Board of Regents through the State Board of Medicine rather than to medical specialties recognized by self-serving private associations is reasonable. Moreover, the court can discern no injury to Dr. Bakal by the denial of a separate heading of "medical hypnosis” since he is listed in three other places in the yellow pages as engaging in medical hypnosis. One perusing the physicians’ and surgeons’ listings in the directory would be hard put to complete that perusal without being advised of the fact that petitioner practices medical hypnosis. Respondent telephone company was within its contractual rights in declining the proffered advertisement.
Respondents’ motion to dismiss the petition shall be granted, without costs.