In the Matter of the Arbitration between LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, and LUDVIC BERKOVIC et al., Respondents.

First Department, May 22, 1980

**APPEARANCES OF COUNSEL**

*Samuel A. Almon* for appellant.

*Ronald J. Berk* of counsel *(Williamson & Williamson, P. C.,* attorneys), for North River Insurance Company, respondent.

## OPINION OF THE COURT

KUPFERMAN, J. P.

Respondent Berkovic was involved in an automobile accident with a livery vehicle owned by Tenee Car Service, Inc. (Tenee), on May 15, 1977. Pursuant to the uninsured motorist indorsement of his policy, Berkovic demanded arbitration with his insurer, petitioner-appellant, Lumbermens Mutual Casualty Company (Lumbermens), claiming that the vehicle owned by Tenee was uninsured at the time of the accident. Lumbermens then commenced this proceeding to stay the arbitration contending, *inter alia,* that the vehicle was insured by North River Insurance Company (North River), which was then joined as corespondent. A stay of arbitration was granted pending a hearing. Prior to the hearing, and on North River's motion, Tenee and Broadway Premium Computer Service Center, Inc. (Broadway), the premium finance agency which had requested North River to cancel Tenee's policy for nonpayment of premium, were joined as additional respondents.

At the hearing, it was established that Tenee had financed the premium payments with Broadway for the liability policy it obtained from North River. Under the terms of the premium finance agreement, Broadway had the authority to cancel the policy upon nonpayment of a premium installment. An installment due from Tenee on March 25, 1977 was not received. Therefore, on April 4, 1977, Broadway sent a notice of cancellation to Tenee and North River, effective April 25, 1977. The notice from Broadway to Tenee was printed in *eight-point* type face. There was also testimony that no notice of cancellation was sent to the Department of Motor Vehicles. On August 11, 1977, Broadway received a premium refund from North River.

At issue is whether, when a livery vehicle is involved, the cancellation of an insurance policy by a premium finance agency is governed by section 576 of the Banking Law as petitioner-appellant Lumbermens contends, or solely by the provisions of section 370 of the Vehicle and Traffic Law, because of an exception created by section 321 of the Vehicle and Traffic Law, as the respondent North River contends.

Section 576 of the Banking Law, which governs cancellation of insurance contracts by premium finance agencies, requires at least *12-point* type face for such notice to be effective.

(Banking Law, § 576, subd 1, par [c].) Section 313 of the Vehicle and Traffic Law applies to notices of termination of insurance policies covering motor vehicles generally and contains virtually the same cancellation requirements. (Vehicle and Traffic Law, § 313, subd 1, par [a].) These two statutes are *in pari materia* and should be read together. *(Pitts v Travelers Ins. Co.,* 59 Misc 2d 142.)

The purpose of the statutes is to give the insured clear and timely notice prior to cancellation so as to permit the insured to take appropriate action. *(Matter of Country-Wide Ins. Co. [Meadows],* 63 AD2d 951.) There must be compliance with the statutory requirements of these sections or the purported cancellation will be deemed a nullity. *(Matter of Country-Wide Ins. Co. [Meadows], supra.)*

In addition to the notification requirements, the insurer is required to return unearned premiums to the finance agency for the benefit of the insured within 60 days of the effective date of cancellation (Banking Law, § 576, subd 1, par [f]), an action not timely performed here.

Section 321 of the Vehicle and Traffic Law excepts livery vehicles from the cancellation requirements of subdivision 1 of section 313 of the Vehicle and Traffic Law, but makes no mention of section 576 of the Banking Law.

Insurance policies on livery vehicles are governed by section 370 of the Vehicle and Traffic Law. This section sets forth a permissive procedure for cancellation by a bond surety or insurance company by notifying the Commissioner of Motor Vehicles. (Vehicle and Traffic Law, § 370, subd 1, par [b].) There is no mention therein of premium finance agencies nor is there a requirement for a specified type face size or return of unearned premium. It does not follow, as North River would have it, that section 370 of the Vehicle and Traffic Law governs cancellation of policies covering livery vehicles when premiums are financed; that section is merely silent on the subject.

Nevertheless, respondent North River argues that section 370 of the Vehicle and Traffic Law must also be construed as an exception to the requirements of section 576 of the Banking Law. Section 576 of the Banking Law specifically states that its mandatory cancellation requirements control over those of subdivision 1 of section 313 of the Vehicle and Traffic Law. Respondent North River contends that the necessary implication from this is that the statutory exception of livery

vehicles from the requirements of subdivision 1 of section 313 of the Vehicle and Traffic Law therefore excepts livery vehicles from the requirements of section 576 of the Banking Law as well, inasmuch as those two statutes are read together. We do not agree with this reasoning.

In a case involving a livery vehicle, section 576 of the Banking Law has been held to impose requirements additional to those requirements in the other applicable statutes governing cancellation when the premium has been financed. *(Matter of Nassau Ins. Co. [Newsome],* 86 Misc 2d 942, affd on opn below 64 AD2d 986.) Statutory exemption from subdivision 1 of section 313 of the Vehicle and Traffic Law will not serve to eliminate these additional safeguards imposed when premiums are financed, unless there is specific language to that effect.

In addition, it is worthy to note that when an exception for livery vehicles was intended, it was clearly stated. Section 576 of the Banking Law requires notice of cancellation by a premium finance agency to be filed with the Commissioner of Motor Vehicles except when no notice is required by provision of the Vehicle and Traffic Law, as is the case with livery vehicles. (Banking Law, § 576, subd 1, par [g]; see, also, Vehicle and Traffic Law, § 313, subd 1, par [b]; § 321, subd 1.)

Finally, respondent North River does not refute the evidence that their notice and premium refund did not meet the more stringent statutory requirements of section 576 of the Banking Law. Since the insufficient notice and delayed premium refund did not meet the applicable requirements, the insurance policy issued to Tenee remained in full force. Thus, the uninsured motorist provision of Berkovic's policy does not apply to this accident, and the arbitration sought under that provision should be permanently stayed.

Judgment, Supreme Court, New York County (SUTTON, J.), entered October 31, 1979, vacating a stay of arbitration and directing petitioner, Lumbermens Mutual Casualty Company, to proceed to arbitration with its insured, Ludvic Berkovic, unanimously reversed, on the law and the facts, and petitioner's application for a permanent stay of arbitration should be granted, without costs and without disbursements.

BIRNS, FEIN, SANDLER and SILVERMAN, JJ., concur.

Judgment, Supreme Court, New York County, entered on October 31, 1979, reversed, on the law and the facts, and

vacated, without costs and without disbursements, and petitioner's application for a permanent stay of arbitration granted.