■ NASSAU INSURANCE COMPANY, Respondent, v GUY VERDINER et al., Respondents, and ALLSTATE INSURANCE COMPANY, Appellant. — In a proceeding pursuant to CPLR article 75 to stay arbitration demanded under the terms of the uninsured motorist indorsement of an insurance policy, Allstate Insurance Company appeals from a judgment of the Supreme Court, Queens County, dated June 19, 1979, which, after a hearing, granted the petition and permanently stayed arbitration. Judgment reversed, on the law, with costs payable by petitioner to Allstate Insurance Company, and proceeding dismissed. Petitioner is directed to proceed to arbitration. The copy of the notice of cancellation sent by Popular Premium Plan, Inc., to Allstate sufficiently complied with the requirements of section 576 (subd 1, par [d]) of the Banking Law.* In the absence of a clear legislative direction to the contrary, paragraph (d) should not be construed as requiring a verbatim recitation of the statutory language (cf. Judiciary Law, § 756; *Nassau Ins. Co. v Riley,* 73 AD2d 961). The notice sent to the insurer was more than sufficient to apprise it that it was receiving a true copy of the notice of cancellation that had been sent to the insured. That particular provision of the Banking Law is designed to enable an insurer to verify that the notice of cancellation sent by a premium financing agency to an insured complies with the cancellation provisions of the Banking Law. Viewed in this light, it would be illogical to hold that the premium financing agency's failure to include the phrase "served upon the insured" in the notice served upon the insurer invalidates the notice of cancellation. Hopkins, J.P., Rabin, Gulotta and Thompson, JJ., concur.

---

* After the dates relevant to the instant appeal, the Legislature radically amended this section (L 1978, ch 565, § 1).