In the Matter of NEW YORK STATE CABLE TELEVISION ASSOCIATION, Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent, and EMPIRE CITY SUBWAY COMPANY, LTD., et al., Intervenors-Respondents.

Third Department, June 17, 1982

APPEARANCES OF COUNSEL

*Hogan & Hartson* (*Gardner F. Gillespie* of counsel) and *Shea & Gould,* for appellant.

*David E. Blabey* (*Howard J. Read* of counsel), for respondent.

*Donald C. Rowe, Harold S. Levy* and *John M. Clarke* for Empire City Subway Company, Ltd., intervenor-respondent.

*Frederick A. O. Schwarz, Jr., Corporation Counsel* (*Leonard Koerner* and *John C. Brennan* of counsel), for City of New York, intervenor-respondent.

OPINION OF THE COURT

CASEY, J.

Empire City Subway Company, Ltd. (Empire), a wholly owned subsidiary of the New York Telephone Company, owns communication conduits 'under the streets of New York City. It leases space in its conduits to companies having lawful power to operate communication conductors in New York City. Among those companies leasing space in Empire's conduits are Teleprompter Corporation and Manhattan Cable Television, Inc., members of the petitioner, a nonprofit trade association.

The issue on this appeal is whether there is a rational basis for the determination of the Public Service Commission (PSC) which concluded that it did not have jurisdiction to regulate the rates charged by Empire for conduit space. Resolution of this issue requires that it be viewed in the proper historical perspective.

Empire was incorporated in 1891, following legislation which directed that electrical and communication wires be removed from poles and placed underground in New York City (L 1884, ch 534; L 1885, ch 499; L 1886, ch 503). Empire entered into a contract with New York City (City), through the former Board of Electrical Control, whereby Empire agreed to construct and maintain underground conduit space for low-tension electrical wires, which include communication wires. The contract, approved by the Legislature (L 1891, ch 231), provides that the rates established by Empire for leasing its conduit space are to be regulated by the City. Underground conduit space for high-tension electrical wires is provided by a separate company, Consolidated Telegraph and Electrical Subway Company (Consolidated), under a contract similar to that governing Empire.

In 1907, the Public Service Commission was formed (L 1907, ch 429) and in 1922 it sought to assert jurisdiction over underground conduit space for high-tension electrical wires provided by Consolidated. The Appellate Division, First Department, ruled that the PSC lacked subject matter jurisdiction, concluding that the general statutes establishing the PSC and describing its powers did not repeal by implication the special statutes vesting the regulatory

power over Consolidated's conduit operation in the City (*Matter of City of New York v Prendergast,* 202 App Div 308).

Section 119-a was added to the Public Service Law in 1978 (L 1978, ch 703), and it provides for regulation by the PSC of the rates, terms and conditions for attachment to utility poles and the use of utility ducts, trenches and conduits. The statute contains specific reference to cable television attachments and use, and prescribes a method of determining rates for such attachments and use which differs from that employed by Empire and approved by the City. Based upon this statute, petitioner sought, in 1979, to have the PSC take jurisdiction of Empire's rate making with respect to the use of its conduits by cable television companies. The PSC refused to take jurisdiction and this proceeding ensued.

Petitioner contends that the PSC has in personam jurisdiction over Empire pursuant to sections 2 and 5 of the Public Service Law, and that section 119-a of the Public Service Law confers subject matter jurisdiction. We agree with the PSC that neither of petitioner's arguments has merit.

"It is, of course, a fundamental postulate of administrative law that the Public Service Commission, like other agencies, is possessed of only those powers expressly delegated by the Legislature, together with those powers required by necessary implication" (*Matter of Consolidated Edison Co. of N. Y. v Public Serv. Comm.,* 47 NY2d 94, 102). Section 5 (subd 1, par d) of the Public Service Law vests in the PSC jurisdiction over telephone lines within the State and over the corporations owning, leasing or operating telephone lines. Subdivision 18 of section 2 defines telephone lines as including conduits used, operated or owned by any telephone corporation. Subdivision 17 of section 2 limits the definition of telephone corporation to those entities owning, operating or managing telephone lines used in the conduct of the business of affording telephone communication for hire. Reading these statutes together, as we must (see *Matter of Lumbermens Mut. Cas. Co. [Berkovic],* 74 AD2d 496, 498), it is readily apparent that Empire, which merely affords space in its conduits to

New York Telephone Corporation, is not itself a telephone corporation subject to the PSC's jurisdiction. Concededly, Empire is not in the business of affording telephonic communication for hire, and it has no control over the communication wires which pass through its conduits.

The provisions of the Public Service Law concerning telephone corporations contain no express delegation to the PSC of regulatory power over entities such as Empire, and delegation by necessary implication does not appear required in order for the PSC to fulfill its ultimate object concerning telephone corporations, which is "to insure proper and adequate service at reasonable cost to the public" (*Matter of New York Tel. Co. v Public Serv. Comm.,* 88 Misc 2d 21, 24, affd 56 AD2d 415). On the contrary, subdivision 17 of section 2 specifically excludes from the definition of telephone corporations those corporations which do not operate the business of telephonic communication for profit.

Nor do we view section 119-a of the Public Service Law as extending the in personam jurisdiction of the PSC to Empire. Section 119-a refers only to utilities, which means those public utilities already subject to PSC jurisdiction (see Public Service Law, § 2, subd 23).

Turning to subject matter jurisdiction, petitioner concedes that prior to the enactment of section 119-a, *Matter of City of New York v Prendergast* (202 App Div 308, *supra*) precluded the PSC from exercising jurisdiction over Empire. In order to change this result, section 119-a must be viewed as repealing by implication the special statutes delegating jurisdiction over Empire to the City. However, "[t]he doctrine of repeal by implication is heavily disfavored in the law and may be resorted to only in the clearest of cases" (*Ball v State of New York,* 41 NY2d 617, 622). Such repeals will arise only when the repugnancy between the two statutes is plain, and as long as both statutes can be given operation by any fair construction, implied repeal will not be declared (*Cimo v State of New York,* 306 NY 143, 148-149). Application of these principles to the case at bar compels the conclusion that section 119-a did not repeal by implication the special laws governing Empire. As in *Matter of City of New York v Prendergast* (202 App

Div 308, 316, *supra*), "both [statutes] may stand and be operative without repugnance to each other, or giving rise to any conflict of authority". Section 119-a can be fairly construed as merely codifying and defining the PSC's existing regulatory authority over attachments, such as cable television wires, to poles and other devices belonging to public utilities already subject to PSC jurisdiction (see *Matter of General Tel. Co. of Upstate N. Y. v Public Serv. Comm.,* 63 AD2d 93), leaving the regulation of Empire, which was not previously subject to PSC jurisdiction, to the City by virtue of the prior special statutes.

The final argument advanced by petitioner, that Empire's status as a wholly owned subsidiary of a telephone corporation makes it subject to PSC jurisdiction, is without merit. Empire is a separate and distinct corporate entity and there are no factual allegations to support petitioner's suggestion that New York Telephone has treated Empire as its instrumentality. In view of Empire's incorporation long before the creation of the PSC, it cannot seriously be argued that Empire was created by New York Telephone to avoid commission jurisdiction. Lastly, the City's regulatory jurisdiction provides ample protection from any preferential treatment for New York Telephone by Empire.

For all of the foregoing reasons, the judgment of Special Term denying the petition should be affirmed.

MAHONEY, P. J., SWEENEY, MAIN and YESAWICH, JR., JJ., concur.

Judgment affirmed, without costs.