■ NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, v FRANCIS ZMORZENSKI et al., Respondents. — Order of the Supreme Court, New York County (Bowman, J.), dated May 25, 1981, which vacated a petition to stay arbitration and directed that the arbitration pending between petitioner Nationwide Mutual Insurance Company and respondents Francis and Mary Zmorzenski be continued, is unanimously reversed, on the law and the facts, and the petition granted to the extent of staying arbitration pending determination at a hearing as to whether respondent Lumbermens Mutual Insurance Company's insurance policy was effectively canceled in compliance with section 576 of the Banking Law, with costs and disbursements to abide the event. Following an automobile accident with a vehicle owned and operated by respondent Jose Rosado, respondents Francis and Mary Zmorzenski demanded arbitration under the uninsured motorist provision of their policy with petitioner Nationwide Mutual Insurance Company. Nationwide, in turn, commenced the instant proceeding to stay arbitration on the ground that if respondent Lumbermens Mutual Insurance Company claims that it canceled its policy with Rosado prior to the date of the accident, it must demonstrate compliance with section 576 of the Banking Law regarding the cancellation of an insurance policy. Broadway Premium Computer Service Center, Inc., whose premium financing agreement with Rosado contained a power of attorney authorizing it to cancel the policy for nonpayment, was also joined as a party since Lumbermens contended that on July 25, 1978, Broadway Premium had issued a notice of cancellation, effective August 8, 1978 (the accident occurred on November 15, 1978). A hearing in connection with this matter was ultimately held on May 1, 1980. The parties stipulated that the notice of cancellation was printed in the required 12-point type and that there had been a proper mailing of such notice to Rosado. However, Nationwide then sought to raise other issues relating to the alleged cancellation, such as the validity of Broadway Premium's power of attorney, whether Rosado had actually failed to pay his premiums, whether there was compliance with section 576 (subd 1, par [f]) of the Banking Law concerning the return of gross unearned premiums by the insurer, as well as matters relevant to the subject of whether the insurance policy had been properly executed and delivered. In denying Nationwide's motion for a permanent stay of arbitration, the court concluded that the stipulation resolved all the factual issues and that, therefore, the arbitration should take place. The trial court's finding that the stipulation disposed of all the issues of fact was error. In *Lumbermens Mut. Cas. Co. (Berkovic)* (74 AD2d 496), this court held that, in addition to the notification requirements, there must be compliance with all of the provisions of section 576 of the Banking Law or the purported cancellation will be deemed a nullity. In that respect, such matters as the insured's nonpayment of premiums and the insurer's return of unearned premiums are material to whether there was an effective cancellation of insurance. Consequently, the court below should have considered these issues. However, we are not persuaded that there is any merit to Nationwide's argument that the court should also have inquired into the question of compliance with the mandates of section 567 of the Banking Law, which deals with the form and content of premium finance agreements. Even if the court were to rule in favor of Nationwide and decide that the underlying premium finance agreement was invalid, the result would simply be to find that since

the agreement was defective, Rosado did not have insurance coverage on the day of the accident and, therefore, the uninsured motorist provision was applicable. Concur — Ross, J. P., Asch, Markewich, Bloom and Milonas, JJ.