■ In the Matter of the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent, v VILLAGE OF FREEPORT, Appellant.

To the extent that the billing and collection practices, etc., of Public Service Law article 2 conflict with the more general grant of authority to municipalities to establish their own methods of operation found in General Municipal Law article 14-A, the General Municipal Law provisions are impliedly revoked and the later, more specific, provisions of the Public Service Law control. Although it is preferred that, where possible, both

statutes be given effect (*see, e.g., People v Newman,* 32 NY2d 379, 389, *cert denied* 414 US 1163; *Matter of Nassau Ins. Co. [Epps-Public Serv. Mut. Ins. Co.],* 63 AD2d 473, 479), a later enactment will impliedly repeal an earlier one where the legislative intent to do so is clear, and "[s]uch * * * intent * * * [is] clearly manifested by an inconsistency between the statutes which is such as to preclude giving effect to both" (*People v Mann,* 31 NY2d 253, 258; *Matter of Board of Educ. v Allen,* 6 NY2d 127, 141-142; *Matter of Nassau Ins. Co. [Epps-Public Serv. Mut. Ins. Co.], supra; Matter of New York State Cable Tel. Assn. v Public Serv. Commn.,* 87 AD2d 288, 291; *Matter of Harvey v Finnick,* 88 AD2d 40, *affd* 57 NY2d 522).

Here, the statutes in question are in such plain and unavoidable conflict that they cannot be reconciled. Either the municipality must be allowed to establish its own billing and collection practices under the General Municipal Law, or it must follow those procedures set out in the more recently enacted Public Service Law article 2. In such a case, the later and more specific law, which here attempts to establish uniform procedures, must prevail.

We have considered appellant's other contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.