■ In the Matter of the Estate of ALBERT M. ROSA, Deceased. MICHIGAN NATIONAL BANK, Appellant; NEW YORK STATE TAX COMMISSION, Respondent. — In a proceeding to fix the tax on the estate of the deceased under Tax Law article 26, petitioner executor Michigan National Bank appeals from an order of the

Surrogate's Court, Queens County (Laurino, S.), dated March 1, 1984, which fixed the amount of estate tax on the estate at $36,336.73.

Order affirmed, with costs.

The decedent, Albert M. Rosa, a resident of Grand Rapids, Michigan, died on February 27, 1981. His gross estate for Federal estate tax purposes totaled over $3,100,000. Most of the assets owned by the decedent were located in the State of Michigan. However, the decedent owned a number of apartment buildings in Queens County, New York, having a market value of $460,000.

The New York State Tax Commission computed the nonresident estate tax on the decedent's real property situated in New York by applying the formula set forth in the Tax Law § 960 (b), which states as follows: "The tax imposed under subsection (a) shall be an amount which bears the same ratio to the tax that would be due, if the decedent had died a resident, under subsection (a) of section nine hundred fifty-two as reduced by the credits allowable * * * as (i) the value of all real and tangible personal property having an actual situs in New York state, the transfer of which is subject to tax under subsection (a) of this section, bears to (ii) the value of his New York gross estate determined as if he had been a resident".

Based upon Tax Law § 960 (b), the State Tax Commission computed the tax on this estate as follows:

| | |
|---|---|
| New York gross estate | $ 2,958,943.18 |
| Less: New York estate tax deductions | (228,924.82) |
| New York taxable estate | 2,730,018.36 |
| New York gross estate tax | $ 227,604.56 |
| Less: Credits against estate tax | (500.00) |
| New York net resident estate tax | $ 227,104.56 |

Total nonresident estate tax:

$227,104.56 (New York net resident estate tax)

X

$460,000.00 (New York real estate)/
$2,958,943.18 (New York gross estate)    =    $ 36,336.73.

Petitioner contends that the "reciprocity" statute (Tax Law § 960-a) prohibits the inclusion of any of the property of the decedent located outside of New York in the computation of the nonresident estate tax on the decedent's estate, and that the Surrogate should have ignored the formula set forth in Tax Law

§ 960 (b) in fixing the amount of estate tax on decedent's estate. We do not agree, and therefore affirm.

Tax Law § 960 (b) contains a formula which takes into account all of the nonresident decedent's property (excluding certain intangible property), whether or not situated in New York, in computing the amount of nonresident estate tax on the tangible personal and real property of that decedent which is located in New York. The formula can be summarized as the amount of estate tax on the decedent's property if he were a resident, multiplied by the ratio of the tangible and real property situated in New York, over the total gross estate of the decedent determined as if decedent were a resident. Prior to 1973, the only exemption provided for by the State of New York to nonresident decedents was a general exemption from taxation of all intangible property located outside of New York (NY Const, art XVI, § 3).

However, because certain States apparently provide for an exemption from estate taxation only to those nonresidents whose States have *statutes* which provide a similar exemption to nonresident decedents, the Legislature passed a so-called "reciprocity" statute (Tax Law § 960-a), which specifically granted an exemption to nonresidents from New York estate taxes on intangible property situated outside of the State of New York (L 1973, ch 640). Laws of 1973 (ch 640, § 1), the "statement of purpose", provides: "This bill is enacted to specifically provide for a reciprocal exemption from death taxation for intangible personal property in the estates of decedents who were nonresidents of New York * * * The exemption of such assets of nonresident decedents largely exists by virtue of section three of article sixteen of the New York State constitution. However, due to the conditions for recognition of reciprocity established or which may be established by other states with respect to estates of residents of New York State it has become necessary to implement section three of article sixteen of the New York State constitution to meet the requirements of those states which provide a reciprocal exemption to estates of residents of other states only when such other state affirmatively provides by statute for such reciprocal exemption. The right to reciprocity might be established through litigation. With a view to making such litigation unnecessary, *the legislature hereby enacts the following reciprocal provisions to enable estates of residents of New York State to clearly come within the reciprocity requirements of those states which impose such conditions or conditions similar thereto*" (emphasis added).

The intent of the Legislature in passing Tax Law § 960-a is clear. There was no intent to change the formula for computing

the tax on the estate of a nonresident decedent specified in the statute (Tax Law § 960 [b]). Section 960-a merely intended to confer upon New York residents the benefit of a reciprocal exemption from estate tax on intangible property situated outside of New York, which had previously been unavailable because the exemption was contained only in the State Constitution, by enacting a statute. The purpose of enacting the reciprocity statute was not to change the existing taxation of nonresident estates, but to make it easy for New York residents to receive the reciprocal estate tax exemption from States which require that the exemption be provided for in a statute rather than in a constitution (*see, Matter of Barnett,* 92 Misc 2d 947).

Furthermore, it is a long-standing rule that unless there is clear evidence of a legislative plan to repeal or modify earlier legislation, the court must, if at all possible, give full effect to the two statutes which are allegedly in conflict (*see; People v Newman,* 32 NY2d 379, 389, *cert denied* 414 US 1163; *Matter of Public Serv. Commn. v Village of Freeport,* 110 AD2d 704). " '[A] statute is not deemed to repeal an earlier one without express words of repeal, unless the two are in such conflict that both cannot be given effect' " (*People v Newman, supra,* at p 390, quoting from *Matter of Board of Educ. v Allen,* 6 NY2d 127, 141-142). Since there is no specific language in Tax Law § 960-a evincing an intent to repeal Tax Law § 960 (b), the passage of section 960-a has no effect on the formula for figuring the estate tax on the estates of nonresident decedents (Tax Law § 960 [b]).

Therefore, the determination of the Surrogate that the tax on decedent's estate be fixed according to the formula set forth in Tax Law § 960 (b), as computed by the State Tax Commission, was correct. O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.