JEAN SHIA et al., Appellants, v NICHOLAS MCFARLANE et al., Defendants, and AMERICAN TRANSIT, Intervenor-Respondent. [847 NYS2d 530]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered on or about January 4, 2007, which denied plaintiffs'

motion for a default judgment, granted intervenor insurer's cross motion to vacate an ex parte order permitting service on defendant Sine Service by service on intervenor, and declared that intervenor had properly cancelled Sine's policy before plaintiffs' accident, unanimously affirmed, without costs.

The motion court did not improvidently exercise its discretion in granting a continuance (*Matter of Sharnell J.*, 237 AD2d 290 [1997]; *see Matter of Anthony M.*, 63 NY2d 270, 283 [1984]) so that intervenor could present the videotaped deposition testimony of an out-of-state nonparty witness. Both sides were at fault for the delay in discovery since (*a*) they failed to settle orders pursuant to the direction of the court with respect to the tangential issue of costs for the deposition, (*b*) plaintiffs did not claim, much less demonstrate, prejudice, and (*c*) the testimony was crucial to the principal issues in the case (*see SKR Design Group, Inc. v Avidon*, 32 AD3d 697, 699 [2006]). Intervenor carried its burden of demonstrating compliance with Banking Law § 576 in cancelling Sine's policy (*Nassau Ins. Co. v Verdiner*, 80 AD2d 845 [1981]; *see L.Z.R. Raphaely Galleries v Lumbermens Mut. Cas. Co.*, 191 AD2d 680, 681 [1993]). Contrary to plaintiffs' contention, testimony regarding the premium finance company's cancellation and mail room procedures was based on the witness's personal knowledge (*see American Alliance Ins. Co. v Eagle Ins. Co.*, 304 AD2d 465 [2003], *lv denied* 1 NY3d 504 [2003]). The court properly credited the testimony of intervenor's mail room clerk, who had personal knowledge of the date of its receipt of the notice of cancellation. Plaintiffs failed to adduce evidence of their detrimental reliance that would give rise to an estoppel precluding intervenor from denying coverage (*see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 106-107 [2006]). Nor does the record support their contention that unearned premiums were improperly retained (*cf. Nationwide Mut. Ins. Co. v Zmorzenski*, 90 AD2d 726 [1982]). We decline to consider plaintiffs' argument that coverage was effective on the date of the accident on the ground that it was extended until the date intervenor received notice of cancellation (*see Crump v Unigard Ins. Co.*, 100 NY2d 12, 17-18 [2003]), since it is improperly advanced for the first time in their appellate reply brief (*see Mayor of City of N.Y. v Council of City of N.Y.*, 38 AD3d 89, 96 [2006], *affd* 9 NY3d 23 [2007]).

We have considered plaintiffs' other contentions and find them unavailing. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.