Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about November 28, 2012, which granted defendants’ motion for summary judgment dismissing the ninth cause of action and on the counterclaims of defendant Casa 74th Development LLC (Casa), unanimously affirmed, without costs.
Sufficient cause existed for defendants’ second summary judgment motion (see Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38, 39 [1st Dept 2002]).
The ninth cause of action, which seeks rescission of the contract whereby plaintiffs were supposed to purchase a condominium unit from Casa on the ground that the layout of the windows differed from that in the floor plan, is barred by the parties’ agreement, which states, “Except as otherwise set forth in the [Offering] Plan, Purchaser [i.e., plaintiffs] agrees ... to purchase the Unit, without offset or any claim against, or liability of, Sponsor [i.e., Casa], whether or not any layout... of the Unit or any part thereof... , as shown on the Floor Plans is accurate or correct” (emphasis added). Plaza PH2001 LLC v Plaza Residential Owner LP (98 AD3d 89 [1st Dept 2012]) does not require a contrary result, as the plaintiffs claims in Plaza were not limited to differences between the floor plan and the completed unit (see id. at 101).
We decline to consider plaintiffs’ argument, raised for the first time in their reply brief, that the parties’ agreement does not trump certain rules promulgated by the New York State Attorney General (see e.g. Shia v McFarlane, 46 AD3d 320, 321 [1st Dept 2007]).
*507 . In light of the plain language of the parties’ contract, plaintiffs did not need discovery to oppose defendants’ motion. In any event, the record shows that plaintiff Rozina visited the unit with her contractor/interior designer before plaintiffs commenced the instant action.
Plaintiffs’ argument that Casa had to have produced a deed and transfer tax returns before the closing is unavailing. The parties’ contract makes it clear that Casa was required to produce the deed only at closing and that the parties were going to complete the transfer tax returns at the closing. Thus, Casa was properly granted summary judgment on its first counterclaim.
In their opening brief, plaintiffs raised no arguments about Casa’s entitlement to attorneys’ fees. Thus, they abandoned their appeal from the grant of summary judgment to Casa on its second counterclaim (see e.g. Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]). In any event, Casa is entitled to attorneys’ fees pursuant to the clear language of the parties’ agreement.
Concur — Acosta, J.P, Renwick, Feinman and Clark, JJ.